## HAVENS v. DALE et als.

THE fact that a deed, under the Mexican law, does not recite a price or considera-
tion does not invalidate the deed.  By that law, a deed of gift to a stranger,
possession being delivered, was good, subject to certain qualifications.  [The
qualifications intended are, that certain persons cannot make, and certain per-
sons cannot receive donations, and that the amount donated to a stranger is
limited in favor of the heir.  REPORTER.]

A deed from C. to B., reciting, C. as "owner of the ranch called the Cañada de
Raimundo," and describing the land conveyed as "the land between the creek
of the Presa North and the creek of the Alembique, without embracing my
said ranch," is not void for want of description, nor because of the words:
"without embracing my said ranch."  If these latter words contradict the
premises, they are to be rejected; but the true rule is to give them, if possible,
some effect not inconsistent with the evident purpose and operation of the deed
and the express words of the grant going before.

A vendee of land, holding an unrecorded deed, in order to protect himself against
a subsequent bona fide purchaser, without further notice than is implied from
possession by such vendee, must show a possessio pedis—an actual, bona fide
possession consistent with his written title; and this possession must be evi-
denced by an actual inclosure, or something equivalent, as showing the extent
and the fact of the dominion and control of the premises.

Query.  Whether, in such cases, proofs of actual dominion, other than actual in-
closure, may not be admissible; as, for example, occupancy of a house on a
part of a city lot of known limits on the city map.  However this may be, the
general rule is that an actual inclosure is necessary.

The fact that a man is in possession of one acre of land, does not raise any pre-
sumption that he has title to an unlimited tract in the same neighborhood.

Hunter v. Watson (12 Cal. 363) commented on, and the rule there laid down that
open and notorious possession of land is evidence of notice, not to be extended.

Smith v. Dall (13 Cal. 510) commented on.

APPEAL from the Twelfth District.

Ejectment for a tract of land in San Mateo county.  The com-
plaint avers, among other things, that plaintiff is " owner in fee
simple and lawfully entitled to the possession of the real estate,"
&c.—describing it—and that said land " is part of a large tract of
land known as the ' Cañada de Raimundo,' " which was the name
given in the Mexican grant to Coppinger of the land therein grant-
ed to him.  There is no averment of claim under any particular
deed or grant.  The material facts are as follows :

Juan Coppinger in 1840 received a grant of a tract of land in
San Mateo county, called the " Cañada de Raimundo," from Alva-

rado, Governor of California, under which he took possession of the ranch, and resided there until his death in 1848.

Coppinger left his wife, Maria Luisa Coppinger, and an infant child, Manuela Coppinger, surviving. Maria Luisa afterwards intermarried with one John Greer. Maria Luisa Greer and Manuela afterwards applied for a confirmation of the above grant to the Land Commission, and for a patent, which was duly issued to them by the United States in 1859.

Plaintiff claims title, through Coppinger, to a part of this ranch by a deed from Coppinger to one. Charles Brown, called in the deed Carlos Moreno. He proved that Brown afterwards executed and acknowledged a mortgage to Chetwood, Rose & Turk upon the lands deeded to him by Coppinger, dated the seventh day of December, 1850, and the recording of said mortgage on the twenty-eighth of the same month; the foreclosure and sale thereunder of Brown's interest in said lands, and a regular chain of title from the purchaser at Sheriff's sale, through some eight or nine parties, by deeds, mortgages, foreclosures, judgments and sales, to plaintiff Havens—his deed from his immediate grantor being dated January 11th, 1860. Plaintiff and his grantors, up to and including Coppinger, had always been in the actual possession of a portion of the land sued for, under good and substantial inclosure.

The defense set up for Dale and Sutherland was this: That on the seventeenth day of June, 1848, plaintiff's grantor, Brown, executed a deed for a portion of the land in controversy to one Joseph Maria Basquez or Vasquez, which deed has never been recorded; that Vasquez resided on some portion of the ranch of Brown (where? is disputed) from the date of the deed until 1853, when he died, leaving his wife and daughter surviving; that his wife afterwards intermarried with defendant Dale, and his daughter with defendant Sutherland; that Mrs Vasquez, up to her marriage with Dale, resided where her former husband had resided just prior to his death, and that Dale, from the time of his marriage until the day of trial, resided there also; that Sutherland was at the time of the trial and at the time of plaintiff's purchase residing on the premises in controversy. It seems that Vasquez was in 1848 living at or near Brown's house; that in 1849–50 he moved to another place on

Brown's rancho, and there in 1850 erected a shanty, inclosed a piece of land one hundred varas square and cultivated the same. This was all the possession proven in Vasquez on the twenty-eighth of December, 1850—the date of the record of the mortgage from Brown.   The deed to Vasquez from Brown calls for " five hundred varas square," and the jury rendered a verdict in favor of Dale for that amount.

On the trial, plaintiff offered in evidence the patent from the United States to Mrs. Greer and Manuela Coppinger, and also the grant to Coppinger, together with the expediente and the petition of Mrs. Greer and Manuela Coppinger to the Board of Land Commissioners, and the decree of confirmation.   Defendants objected to the patent that there was nothing in it to connect it with the Coppinger grant.   Overruled; defendants excepting.   It was shown by evidence that the patent covered the land described in the complaint.   Further facts on this point are not material.

Taking the evidence together, and it shows that Brown, plaintiff's predecessor, went into the actual possession of a portion of the land deeded him by Coppinger in 1846, and that from time to time he has extended his inclosures until now they cover five hundred varas ; but his inclosure has never embraced the land occupied by defendants ; and this possession has been continued in Brown and his successors down to plaintiff.   On the other hand, Vasquez, under whom defendants claim, has also, since his deed from Brown, been in the actual possession by inclosure of a portion of the land deeded. Both parties maintain that their actual possession by inclosure is to be extended by force of their respective deeds to the land included therein, although outside of their inclosures; and the point of dispute is, whether Vasquez actual possession by inclosure of about one hundred varas square on the twenty-eighth of December, 1850,. under an unrecorded deed for five hundred varas square, was notice· to plaintiff's predecessors, Chetwood, Rose & Turk, that at that time Brown, their mortgagor, had already sold the other four hun--dred varas to Vasquez.

The deed from Coppinger to Brown is as follows :

" John Coppinger, a Mexican citizen, residing in the department.

of California, owner of the ranch called the ' Cañada de Raimundo,' as proved by the title in my possession, granted to me by the Government of the department, before the present Justice of the Peace, First of the Jurisdiction of Yerba Buena, and witness signed in due form.   I do declare and say that I make cession to the certain Carlos Morena of the land between the creek of the Presa North and the creek of the Alembique, without embracing my said rancho, as shown by the desino or plat accompanied, renouncing, as I hence forth renounce in his favor, all the right and action that belong to me ; and that he may possess it as such owner, and it may be recognized as his property in future, and that no one may disturb him in any manner whatever, I grant this present document for his safety and security, and that it may be shown at any time, requesting of the present authority the corresponding authority for this my cession, in order that the interested party may be safe and make the use that may suit him of the land herein expressed, and for any further ends that may suit the party.

" I sign it at Yerba Buena, on the nineteenth of June, A. D., 1846.

"·JOHN COPPINGER."

Three witnesses.

The Court charged the jury, among other things, as follows, to wit :

That the jury must not consider plaintiff's claim of title by possession beyond his actual inclosure ; that color of title to the whole of a tract of land, with actual prior possession of part, would extend the possession to the whole—but if the jury should fail to find that the land described in the complaint is embraced in plaintiff's deeds and grant, by reason of uncertainty of description, then his title as aforesaid by possession must also fail, and if they find otherwise, then plaintiff's title is made out ; that a prior possession of part of the tract of land, described in the unrecorded deed of defendants, extends such possession to the whole tract, and is sufficient to charge subsequent purchasers with notice of such a claim, and the extent of it ; that such a possession must be a " notorious and open possession," and must have been such prior to Dec. 28th, 1850 ; that

such notice of possession, by one tenant in common or joint tenant, is also notice of the possession of all other such tenants, although such other tenants may not reside on the tract themselves; that defendant Dale, or those under whom he claims, must have been in such possession at the date of every sale of their rancho between plaintiff's grantors.

Plaintiff then asked the following instructions, which were refused; plaintiff excepting:

1. That in no case is possession, unaccompanied by other circumstances, sufficient evidence that the party had any title, or what title he did have; but that actual knowledge by a subsequent purchaser must be shown, and that possession can only be considered as a circumstance bringing home notice to such subsequent purchaser.

2. That if possession accompanied by any circumstances is notice, it is only notice of a claim to what is actually inclosed, at farthest, and that lands within a visible and notorious inclosure alone can be regarded as in possession of a party so as to defeat the subsequent purchase of the subsequent purchaser; and that lands outside of such inclosure must pass to the subsequent purchaser, unless he had actual notice.

3. That a party, with a recorded deed, who is in possession of a part of one tract is in possession of the whole; but the rule is different with unrecorded deeds; for those an actual inclosure of the whole, is the only possession that can give notice to subsequent purchasers.

4. That the jury must believe from the evidence that the land described in the deed to Vasquez or Basques must be within the tract sued for by plaintiff, and that the defendant Dale must have proved himself to be within its limits, and that Dale alone is entitled to any benefit in that title, even if he should be.

Verdict for plaintiff against all the defendants, except Dale and Sutherland, and in their favor for the five hundred varas described in the deed from Brown to Vasquez. From the judgment in favor of Dale and Sutherland, plaintiff appeals.

*L. Aldrich* and *Wise & Gough*, for Appellant.

1. Plaintiff claims not simply under the Coppinger grant, but

also under the patent issued upon its confirmation. The complaint does not aver title under any particular source. Although the patent itself does not show to whom the grant was issued, the petition for confirmation and the decree thereof were in evidence, and they both set out Coppinger as the grantee.

2. The deed from Brown to Vasquez was a gift, and no consideration was requisite under the civil law. A man could give away his property, and if the donee accepted, the gift became irrevocable, if legally made. (Schmidt's Civil Law of Spain and Mexico, arts. 46, 180, 190; New Recopilacion of Laws of Spain, lib. 1, tit. 15, law 1; 2 White's Land Laws of Cal. 99; Institutes, Civil Law of Spain, 2 White, 79; Schmidt's Civil Law, art. 980; Fuero Real, lib. 10, tit. 12, B. 3; Id. 987; Id. lib. 2 and 6, tit. 12, 13, note *c;* Id. art. 988; Partidas, lib. 5, 6, 7, tit. 11, p. 5; Id. art. 995, 69th Law of Toro.) The limitations upon this power of donation do not apply to the facts in this case. They may be found in Schmidt's Civil Law, arts. 972, 975, Partidas, lib. 9, tit. 4, p. 5; Id. arts. 975–979; Id. art. 1004, Partidas, lib. 8, tit. 4, p. 5. The cases cited from 7, 10 and 12 Cal. relate to *sales of land,* not to *gifts.*

Again: the clause in this deed " without embracing my rancho," if repugnant to the preceding clauses, falls. (Greenleaf's Cruise, 300, 301 and notes; *Cutter* v. *Tufts,* 3 Pick. 272.) Where the construction of a deed is doubtful the whole must be taken together. (10 Cal. 95; 18 Johns. 78; *Loomis* v. *Jackson,* 19 Id.; 7 Id. 223; 3 Pet. 383; 6 Cal. 297.)

Tested by the above rules, it becomes immaterial which construction is taken. Whether it means " without including any other portion of my said rancho," or that the donor intended what the words literally mean—for we assume the primary intention is so clear that there can be no question about it. He gave Brown all the land owned by him between the two creeks—that is clear and indisputable—and being so, no subsequent words can control it. Coppinger may have supposed that he did not own such land, he nevertheless gave Brown *all the title he had to it, and Brown took it.*

3. To enable an unrecorded deed to operate as notice to a sub-

sequent purchaser, the person having such deed must show an "open, notorious possession," and this means possession by actual inclosure, or such exclusive control otherwise as will amount to the same thing.  It must be a *possessio pedis*—just as is required in forcible entry and detainer.  (*Landes* v. *Brandt*, 10 How. Pr. 348; 3 Paige, 421; 2 Id. 300; 10 Barb. 354; *Wyatt* v. *Bumell*, 19 Ves. 435; 26 Me. [13 Shep.] 484; 2 Fost. 500.)

4. Such inclosure is only notice to the actual extent of the inclosure, and cannot be extended under color of title based on a deed, to the whole tract embraced in the deed.  (*Saxton* v. *Hunt*, 1 Spencer, 487.)  In this case there is no evidence of any acts of ownership over the land within the deed from Brown to Vasquez, outside the inclosure of one hundred varas.  Hence the Court erred in refusing the instruction asked on this point.

5. The Court erred in instructing the jury that the possession of Dale was notice of the title derived under the deed from Brown to Vasquez.  Mrs. Dale, formerly Mrs. Vasquez, moved from the land in the fall of 1850, and was not in actual possession at the date of plaintiff's purchase, January 11th, 1860.  True, her husband was, but his possession was not notice of her title.  The land was her separate property.  (*Fagg* v. *Main*, 2 Sum. 555; *Smith* v. *Dall*, 13 Cal. 510; *Ingoldsby* v. *Juan*, 12 Cal. 564.)

*McCabe & Fox*, for Respondents.

1. Appellant, who was plaintiff below, did not make out a legal paper title so as to entitle him to a verdict based upon title alone.

We claim, first, that they have not shown that Juan Coppinger ever owned the land described in plaintiff's complaint, or any part thereof.  Plaintiff claims in his complaint to have derived his title from Juan Coppinger, who held under a Mexican grant made in 1840.  He undertakes to prove his title under that grant by introducing a patent made by the United States to Maria Louisa Greer and Manuela Coppinger in 1859.  But the patent does not show to whom the grant upon which it was based was issued, or by whom. The grant then is introduced, and although the patent was also introduced, we insist that he is bound by the grant, and could derive nothing through a deed from the grantee therein named which was

not originally conveyed in the grant itself; and we maintain the grant does not cover the tract in dispute.

2. Even if plaintiff had proven title in Coppinger, he has not proved title in himself, because the deed from Brown to Vasquez being void for want of sufficient description, and because there is no consideration mentioned. (*Hays* v. *Bona*, 7 Cal. 153; *Stanley* v. *Green*, 12 Id. 148; *Stafford* v. *Lick*, 10 Id. 12.)

3. The errors, if any, committed by the Court below, were in favor of appellant, and of these he cannot complain.

4. The affirmative defense of Dale was admissible, and the facts proved under it were sufficient, and such as to entitle him to a verdict in his favor as against any subsequent purchaser.

The possession here was " open and notorious " within *Hunter* v. *Watson*, (12 Cal.) and when the subsequent purchasers or, in this case, mortgagees came to make inquiry, and finding that Vasquez held under color of title, they were bound to take notice of the extent of the claim.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. concurring.

Ejectment for a tract of land. Plaintiff deraigns title by deed from one Brown, who claimed as grantee of one Coppinger. Coppinger was grantee of the Mexican Government, and afterwards obtained a patent on confirmation from the United States Government. We do not understand that the plaintiff rests solely upon the grant to Coppinger, but upon the title of Coppinger which was shown by the grant and the patent; nor do we see anything in the point that the deed to Brown was void by the Mexican law, because the deed does not recite a price or the consideration. A deed of gift by the Mexican law was good when made to a stranger, and possession delivered, subject to certain qualifications which do not appear in this record. Nor do we see that the deed is void for want of sufficient description, nor because of the words at the end of the description, " without embracing my said rancho." If these words contradict the premises, they are to be rejected; but the proper rule is to give them, if possible, some effect not inconsistent with the evident purpose and operation of the deed, and the express

words of grant going before.    As the Court below ruled against the respondents on these propositions, we do not consider it necessary to notice them further, and only refer to them in answer to the respondents' point, that we cannot notice the errors assigned, because the plaintiff's case was fatally defective, and hence no error of the Court in other rulings could hurt it.

The main question arises on instructions and refusal of instructions touching the character of possession which protects the vendee holding an unrecorded deed, as against a subsequent *bona fide* purchaser without further notice than is implied from such possession.    Brown, through whom plaintiff claims, sold, previously to his mortgage to plaintiff's predecessors, a part of this land—five hundred varas—to one Vasquez, but the deed was not recorded; Vasquez went into actual possession of part, built a small house, and occupied and inclosed a portion.    The plaintiffs contend that he, and those representing him, exercised no ostensible control or dominion over any part, except over the small part so occupied and inclosed; and they contend that this possession is not sufficient evidence of notice of title to the whole tract.    *Hunter* v. *Watson,* (12 Cal. 363) decides that the open, notorious possession of real estate is evidence of notice.    *Smith* v. *Dall* (13 Cal. 510) holds that the possession of a tenant is not notice of the landlord's title. But the reasoning in both of these cases strongly tends to ignore the pretension of the respondents; for the fact of the possession is made the predicate of the notice, and it is not perceived how seeing a man on one acre of land raises any presumption that he has title to an unlimited and indefinite tract in the same neighborhood.    It would involve great confusion and impose great restrictions on sales of land as well as induce uncertainty of titles, if a purchaser could not safely buy any part of an eleven-league grant, without the risk of being ousted by one of a multitude of occupants of huts or shanties on acre or half-acre lots, claiming various tracts by force of secret contracts, leases and conditional or even parol sales.    The facility of antedating such instruments, or fabricating proof of some parol contract, would lead to frauds and perjuries innumerable. Taking possession to be notice, it must be held under such circumstances as that those circumstances give notice of the land so held;

Havens v. Dale.

and it is, therefore, impossible to say that the mere inclosure of one acre gives any notice of a claim to a larger quantity ; for how can it be ascertained what are the boundaries or extent of the outside claim—where it begins or where it terminates ?   Does it extend to the whole grant, or if not, to what part ?   And is it the duty of every purchaser to go to every settler or tenant on land covered by a grant, to see whether he has some secret deed, or claims to hold by an unrecorded contract ?   We think it much more reasonable and just that the party holding the secret title should lose by his neglect of a simple duty, like the recording of it, than that third persons should suffer by his negligence, and all titles be thrown into doubt and uncertainty.   It was under the pressure of authority too strong to be resisted, we went even to the extent of the doctrine declared in *Hunter* v. *Watson,* in favor of the holder of the unrecorded deed.   We have no idea of still further extending the doctrine.   It is better that the law should be certain, even when certainty sometimes leads to injustice, than that every title should be left exposed to contest and doubt by establishing a principle for the advantage of the improvident and the negligent.

We hold, therefore, that the holder of the unrecorded deed must show a *possessio pedis*—an actual, *bona fide* possession, consistent with his written title ; and that this possession must be evidenced by an actual inclosure, or something equivalent, as showing the extent and the fact of his dominion and control of the premises.   We do not mean to say that it is in all cases absolutely essential that an actual inclosure must exist, in order to protect the property. But asserting this requirement of inclosure as a general rule, it may still be that other patent proofs of an actual dominion may be admissible ; for example, if a party were in possession of a lot in a city, marked on the map as a separate subdivision, and defined by a number, though the whole lot be not inclosed, it might be that the actual possession of a house on a part of the lot would be recognized as the possession of the whole lot.   But this case does not call for a modification, in this respect, of the general principle announced in this opinion.

Judgment reversed and cause remanded.