## JAMES H. LUCAS et al. v. CITY OF SAN FRANCISCO.

DECISION OF APPELLATE COURT BECOMES THE LAW OF THE CASE.—The judgment
of an appellate Court upon a point in issue involved in the case becomes the law
of the case in all its stages, not only in the Court below, but in the appellate
Court whenever the cause is again brought before it.

FAILURE TO EXCEPT TO A FINDING OF FACTS.—If a cause is tried by the Court,
the losing party cannot object in the appellate Court that there is no finding of
facts, or that the facts found are defective, unless he asks for a finding, or that
the facts omitted may be found, and excepts to the refusal of the Court below to
do so.

FAILURE TO ASK THAT AN OMITTED FACT BE FOUND.—When a cause is tried by
the Court the judgment will not be reversed because the findings omit some fact
necessary to be proved to warrant the judgment, unless the Court below was
requested to find the fact omitted, and failed to do so, and an exception was
taken on that ground.

SECTION ONE HUNDRED AND NINETY-ONE OF PRACTICE ACT.—The one hundred
and ninety-first section of the Practice Act allowing an exception to the decision
of a Court or referee does not do away with the necessity of asking the Court
to find the facts, or the omitted facts, and actually excepting to the refusal to
do so.

FACTS FOUND NOT WARRANTING A JUDGMENT.—If a finding of facts is inconsistent
with the judgment, it is fatal to the judgment without an exception being taken
in the Court below.

ONE GOOD COUNT IN COMPLAINT SUSTAINS JUDGMENT.—If the complaint contains
one good count, and the findings of fact are defective, but the Court below is not
asked to find the omitted facts, the judgment will not be disturbed.

APPEAL from the District Court, Twelfth Judicial District,
City and County of San Francisco.

The facts are stated in the opinion of the Court.

J. W. Dwinelle, and Delos Lake, for Appellant.

A. C. Whitcomb, for Respondent.

By the Court, RHODES, J.

This action was brought by the plaintiffs as the assignees
of one Wetmore, to recover a certain sum of money for
improving Powell street in San Francisco, which it is alleged
was performed by Wetmore under a contract made between
him and the city. The cause was formerly appealed by the
plaintiffs, and this Court reversed the judgment for the defend-

ant, and remanded the cause for further proceedings. (See 7 Cal. 463.) After the return of the cause to the Court below, it was referred to a referee to try all the issues, whether of law or of fact, and report a judgment; and the cause having been heard by the referee, he reported his findings of fact and conclusions of law, together with a judgment in favor of the plaintiffs, and they were filed and judgment was entered October 9th, 1861. The appeal is taken from the judgment alone, and there is neither a statement nor bill of exceptions in the record.

The propositions presented on the part of the defendant are substantially that the judgment is erroneous, because no count in the complaint discloses a sufficient cause of action; and because the findings of fact reported by the referee do not sustain any good count in the complaint, (if it is held that any count is sufficient,) but apply only to those counts which do not state a sufficient cause of action.

Upon the first proposition, the case is in such a condition that the task of investigation and decision is far from being agreeable; and upon the second, it may not be improper to say, that the statute which we shall have occasion to comment upon, can scarcely be regarded as conducive to the precision and certainty that should characterize judicial proceedings.

When the case was formerly before the Court, it came up on appeal from the judgment sustaining the demurrer to the complaint. The defendant filed a general demurrer to the whole complaint, and to each count separately. Mr. Justice Burnett entered into a very elaborate discussion of the principal questions arising in respect to the contract, and matters growing out of it, upon the idea that they must arise in the future progress of the case, and would have to be settled by the appellate Court. At the outset of his opinion, after having stated what the judgment appealed from was, he says: "The objections raised by the demurrer can only apply to some of the counts, and for that reason, if for no other, the judgment of the Court below must be reversed. But it was evidently the intention of all parties to obtain the decision of this Court

upon all the points raised, as they involve interests of great magnitude that must be settled sooner or later on appeal." The learned Judge, after holding that the corporation had power to ratify or adopt, in proper form, an act which was within the legitimate powers of the corporation, but which had been done informally and not in the mode prescribed by law; and that an ordinance would estop the city, while acts *in pais* would not, stated as the only questions in the case: " First—Was it (the contract) made in the proper mode? and, second—if not made in the proper mode, was it afterwards affirmed in the proper manner?"    The conclusion attained was that the contract was made in the proper mode.    The remainder of the opinion is devoted to the discussion of two questions: whether the city was responsible for the cost of the entire work, under the circumstances of the case; and whether she was liable upon the warrants issued to the contractor, on account of the work performed under the contract; and the first was answered in the affirmative, and the second in the negative.    Mr. Chief Justice Murray and Mr. Justice Terry, who joined in a special concurrence, said: " We concur in reversing the judgment of the Court below on the first ground stated in the opinion of Judge Burnett, but differ with him as to the other questions passed upon in his opinion." We understand them to mean that their concurrence in reversing the judgment was placed on the ground that the alleged contract was made in the mode prescribed by law, for that is first the ground, and the general statement that the objections raised by the demurrer were not applicable to all the counts, is certainly not one of the grounds assigned why the demurrer should be overruled, but is rather the result, the consequence—necessarily following from the first and second grounds maintained in the opinion.

Mr. Justice Cope when referring to the case in *Argenti* v. *San Francisco*, 16 Cal. 255, has not given a different interpretation to the language of the special concurrence, but he evidently regarded the first ground discussed by Mr. Justice Burnett, that the city had entered into the contract in the proper

mode, but could not be estopped by matters *in pais*, as the ground upon which all the Justices concurred. He was maintaining that the city could be thus estopped, and his citation of the case, with the statement that on that point it was in " direct antagonism to *Seale* v. *The City of San Francisco*," would be devoid of all purpose and significance, unless he understood the meaning of the special concurrence to be as we have stated.

Whatever our views might be, if the case was now before the Court for the first time, upon the questions whether under the law as it then existed, an ordinance must necessarily precede the making of the contract, after the reception of the proposals, or whether the execution of the contract was sufficiently alleged in the complaint; or upon the more general question whether the complaint states facts sufficient to constitute a cause of action against the city, is now a matter of no moment in this case, for the decision that some one of the counts in the complaint is sufficient, became the law of the case, obligatory not only upon the Court below, but also upon the appellate Court whenever the cause should be again brought before them. (*Davidson* v. *Dallas*, 15 Cal. 75, and cases cited; *Phelan* v. *San Francisco*, 20 Cal. 39.) It is the law of the case in the most exact and restricted sense, in which it can be claimed that the doctrine of *res judicata* should have application, for it is not the reasoning of the Court, nor any mere legal principles announced, but the judgment itself, which is relied on as conclusive of the question in controversy. The judgment reversed was to the effect that the complaint was insufficient, and the judgment of the appellate Court in reversing that judgment definitely established that the complaint was sufficient.

We have, then, at least one good and sufficient count in the complaint, but the case is such that we are not called upon to specify which were held to be sufficient, though we would be safe in rejecting from the number the counts based on the warrants, and including the first count, which is upon the contract, and the fourth count, which is, in substance, for

money had and received by the defendant to the use of the plaintiffs. The counsel for the defendant substantially admit the fourth count to be sufficient, when they say : "This count is probably good, but not sustained by the finding of fact." There is no one of the counts which, if it is held to state a sufficient cause of action, will not support the judgment. The only material defect that counsel claim is found in the first count is, that the making of the contract is not well alleged—that the allegation in that count, in fact, showed that the city did not execute the contract. If it is held that the count does properly and sufficiently state the making of the contract, it is in all other respects sufficient to support the judgment; and the same may be said of the fourth count, which alleges that the money sought to be recovered was collected by the city to be applied to the payment of the work in the first count mentioned. Upon its being determined that any one of the counts states facts sufficient to constitute a cause of action, the only other question that could arise upon the pleadings and judgment is, whether such count authorizes a judgment for the amount for which it was rendered, and upon that point it is enough to say that the judgment does not exceed the amount claimed in either of the counts.

The second proposition has relation to the findings of fact filed by the referee. The counsel for the respective parties are at issue upon almost every point that is presented; but we find it unnecessary to pass upon many of the points that have been so very ably and ingeniously argued. It may be conceded for the purposes of the case, that the finding filed by the referee occupies the same position and has the same value as if made by the Court, and that, though it did not, under the statute then in force, form a part of the judgment roll, it became, according to the doctrine of *Reynolds* v. *Harris*, 8 Cal. 617, matter of record, and that as such it properly came up in the record on appeal from the judgment, without a statement or bill of exceptions, for we do not consider it necessary to dispose of the findings upon the authority of *Connor* v. *Morris*, 23 Cal. 447, in which it was held that it was unneces-

sary to examine the findings reported by the referee, because he was ordered to try all the issues both of law and of fact, and report a judgment, but was not ordered to report the facts; nor do we express any opinion upon the authority of that case, or say that it is or is not applicable to the facts of this case. It may be further conceded, also, for the same purpose, that the defendant's counsel are right in the point, that objections to the transcript in respect to the findings, should, under Rule 13, have been taken at the first term after the transcript was filed, and at least one day before the argument.

But accepting the finding, as the finding of the Court, and as such, subject to examination in the appellate Court in connection with the pleadings and judgment, it falls within the provisions of the Act of 1861 to regulate appeals. (Statutes 1861, p. 589.) This Act has worked a material change in the practice in relation to the findings of fact. Previous to the taking effect of the Act, the judgment, in cases tried by the Court, without a jury, was not only required to be warranted by the pleadings of the prevailing party, but also to be supported by a finding of the facts in issue between the parties. Every fact essential to the support of the judgment, if controverted, was required to be stated in the finding, and a failure in this respect was visited with the penalty of a reversal of the judgment. The finding was in most respects similar to a special verdict of a jury, and like the verdict in cases tried by a jury, it served as the basis of the judgment. (*Russell* v. *Amador*, 2 Cal. 305; *Semple* v. *Burkey*, Id. 321; *Swift* v. *Muygridge*, 8 Cal. 445; *Breeze* v. *Doyle*, 19 Cal. 101.)

The Act provides that the judgment, when the case has been tried by the Court without a jury, shall not be reversed because of the entire absence of a finding of facts, nor because material facts are wanting from the finding, unless objections were made in the Court below to the want of a finding or to the defective finding, and the Court failed to supply the finding or remedy the defect, on its being pointed out. There must, of course, be a decision in favor of the prevailing party, but no finding of the facts is required, and if one is made it

need not respond to all the issues unless the party complaining of the decision requires that a finding shall be made, or that the one already filed shall be perfected by inserting the omitted facts.  All the facts necessary to the support of the judgment, and which are embraced within the issues, will, in the absence from the finding of any facts inconsistent with the relief granted, or the allegation upon which it is based, be presumed to have been proven, if no exception is taken to the finding or the want of a finding.  (*Lyons* v. *Leimbach*, decided at the present term.)  No exceptions were taken to the findings in the Court below, within the meaning of the Act.  The defendant is not assisted by section one hundred and ninety-one, of the Practice Act, for the exception there interposed by the law, without having been actually taken, stands merely as the foundation for the appropriate proceeding to set the finding aside.  It could not by any possibility fill the place designed for the exception in the Act of 1861, for the Act is framed on the theory that upon the want of a finding, or a defect in the finding being brought to the attention of the Court, the finding or the missing fact in the finding will be supplied.  This could not be accomplished by an exception interposed by the law itself.  It results, that if there be no exception, as provided for in the Act, the finding, if there happened to be one, may bear a very faint resemblance to a special verdict of a jury.  The party who is satisfied with the decision, is concerned, not in seeing that the finding sets forth any of the controverted facts which being proven in his favor, serve as the basis of the decision and judgment, but only in excluding from it any facts that might sustain the case of the opposite party, and militate against the decision and judgment.  The Act renders a defective finding, to which no exception has been taken, harmless ; and it is, of course, of no conceivable value, for if it is wanting in one material fact in issue, that is requisite to sustain the judgment, it is no better than if it lacked every fact in the case, and the Act itself places it on that footing but the Act has not provided against the consequences arising from a finding, that is inconsistent with the

judgment. In the latter case, the rules in force before the passage of the Act would prevail, and a repugnancy between the finding and the judgment would be fatal to the judgment.

We have examined the findings to ascertain if they are in any respect inconsistent with the judgment, and after a careful scrutiny of them, we think they are not faulty in that respect. It is unnecessary to take them up in detail, but it may be stated generally that it is found that the city was authorized to contract for the making of the proposed improvements; that after the preliminary steps were taken of giving notice, advertising for and receiving proposals, etc., she entered into the alleged contract; that the contractor performed the contract on his part; that the work amounted to one hundred and three thousand dollars; that an assessment was made upon the property liable for the expenses of the work; that large amounts of said assessments were collected and paid into the City Treasury, and that the contractor assigned the contract and the moneys to become due, etc., to the plaintiffs. Under the construction given to the findings previous to the Act of 1861, a judgment on the fourth count or any of those that seek to charge the city with the money or the funds received on account of the assessment, might not have found proper support upon the indefinite findings; that *large* amounts of the assessments were collected by the officers of the city. The finding in that respect is certainly defective, but it is not in any manner in conflict either with the allegations of the complaint or with the judgment. Indeed, all the objections of the defendant to the findings, as we understand counsel, are reducible to the general objection that the findings are defective because all the necessary facts are not found.

The process by which the referee found that the city was liable at the time the work was fully completed in the sum of forty-seven thousand eight hundred and seventy-one dollars and seventy cents, after having found that the work amounted to one hundred and three thousand dollars, does not appear, for the evidence is not before us, and the findings throw no light on the matter; but it having been held on the former

appeal that the city was liable on the contract and might be held responsible for the whole amount, a judgment for an amount less than the contract price would not be deemed erroneous unless it should appear from the findings that it should have been entered for a still less amount.

, Judgment affirmed.

Mr. Justice SAWYER, and Mr. Justice SHAFTER, having been counsel in the case, did not participate in the decision.