[No. 13592. In Bank. — August 4, 1890.]

JOHN SCHEERER, RESPONDENT, v. T. J. CUDDY ET AL., APPELLANTS.

VENDOR AND PURCHASER — BONA FIDE PURCHASER — UNRECORDED LEASE AS NOTICE — POSSESSION OF LESSEE — DUTY OF PURCHASER. — Though an unrecorded lease for a period of ten years is void as against a purchaser of the leased property, unless he had notice of its existence, or such notice as should put him upon such inquiry as would disclose its existence, yet such lease is good between the parties, and the actual possession by the lessee of the leased premises is sufficient to put the purchaser on inquiry as to the extent of the claim of the lessee, regardless of whether the purchaser knew of the possession, or not, it being his duty to know who was in possession before making the purchase.

Id. — Possession of Locked Rooms by Lodge. — The fact that the rooms
held under such lease were held by a lodge, and that the doors of the
rooms were locked when the purchaser looked at the house, and that he
did not know they were occupied, does not relieve the purchaser from
inquiry as to who were in actual possession of the rooms.

Id. — Presumption of Notice to Purchaser — Rebutting Evidence —
Diligent Inquiry as to Right of Possessor. — A vendee is presumed
to have purchased and taken a conveyance from the vendor with full
notice of all the legal and equitable rights in the premises of a stranger
to the vendor's title of record, who is in actual possession, and to take in
subordination of those rights; and this presumption can only be overcome
or rebutted by clear and explicit proof on the part of the purchaser, or
those claiming under him, of diligent, unavailing effort by the vendee to
discover or obtain actual notice of any legal or equitable rights in behalf
of the party in possession.

Id. — Burden of Inquiry — Knowledge of Possession. — The burden of
making the proper inquiry is cast upon the purchaser by the mere fact
of actual possession of a stranger to the record title; and he cannot, by
failure to acquaint himself with the fact of possession, avoid inquiry, or
evade the effect of the rule.

Appeal from a judgment of the Superior Court of Los
Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Brousseau & Hatch*, for Appellants.

*L. F. Fisher*, and *W. T. Williams*, for Respondent.

Works, J. — John Bryson, being the owner of certain
real estate, leased certain of the rooms in the building
thereon to the appellant Los Angeles Lodge No. 42, F.
& A. M., for the term of ten years, by a written lease.
The lodge took and held actual possession of these rooms,
but the lease was not recorded. Subsequently, and while
the lodge was in possession, Bryson sold and conveyed
the property to the plaintiff, and his deed was duly re-
corded. Whether the plaintiff had actual notice of pos-
session of the premises by the said appellant, or not, is
one of the controverted questions in the case; but it is a
conceded fact that he knew of it soon after his purchase,
and that he received and collected the rents for the

premises from the lodge for six months thereafter, at the rate agreed to be paid in the lease, and that the lease was recorded during this time, and three months' rent was collected by the plaintiff after the lease was recorded, and he had actual knowledge of its contents. After receiving the rents, he commenced this action in ejectment against the appellants, the other defendants being officers of the lodge. The court below found that, as against the claim of the appellants, the respondent was a *bona fide* purchaser for value. Whether he was, or not, depends upon whether the circumstances were such as to put him upon such inquiry as would have disclosed the rights of the defendant Los Angeles lodge, as between it and Bryson. As between Bryson and the lodge, the lease was binding without being recorded. (Civ. Code, sec. 1217.)

As against the plaintiff, it was void, if not recorded, unless he had notice of its existence, or such notice as should put him upon such inquiry as would disclose its existence. (Civ. Code, secs. 1214, 1217.)

That the lodge was in the actual possession of the property at the time of the plaintiff's purchase, is an undisputed fact in the case, but the plaintiff testifies that he did not know it was in possession, and that when he looked at the house before purchasing it the doors of these rooms were locked, and he did not know that they were occupied.

We think the finding of the court below, that, under these circumstances, admitting the truth of the plaintiff's testimony, he was a *bona fide* purchaser, was not sustained by the evidence. The actual possession of the premises by the appellant was sufficient to put the respondent upon inquiry as to the nature and extent of its claim. (*Pell* v. *McElroy*, 36 Cal. 268; *O'Rourke* v. *O'Connor*, 39 Cal. 446; *Moss* v. *Atkinson*, 44 Cal. 9, 17; *Hunter* v. *Watson*, 12 Cal. 363; 73 Am. Dec. 543; *Lestrade* v. *Barth*, 19 Cal. 660, 675; *Dutton* v. *Warschauer*, 21 Cal. 610; 82 Am. Dec. 765.) The effect of such possession,

and the diligence required of the vendee to ascertain the extent of the claim of the party in possession, is thus clearly stated in *Pell* v. *McElroy*, 36 Cal. 268. "The fact of open, notorious, and exclusive possession and occupation of lands by a stranger to a vendor's title, as of record at the time of a purchase from and conveyance by such a vendor out of possession, is sufficient to put such purchaser upon inquiry as to the legal and equitable rights of the party so in possession, and such vendee is presumed to have purchased and taken a conveyance from the vendor with full notice of all the legal and equitable rights in the premises of such party in possession and in subordination to these rights, and this presumption is only to be overcome or rebutted by clear and explicit proof on the part of such purchaser, or those claiming under him, of diligent, unavailing effort by the vendee to discover or obtain actual notice of any legal or equitable rights in behalf of the party in possession. And when the location of the land is such as to render personal application to and inquiry of the occupant practicable, a purchaser failing to make such application and inquiry is no more entitled to be regarded a purchaser in good faith than if he had so inquired and ascertained the real facts of the case."

Whether the respondent knew of the appellant's possession, or not, is immaterial. It was his duty to know who was in possession of property before making the purchase, and his purch without ascertaining the fact must be regarded as th ongest evidence of bad faith on his part. The bur of making the proper inquiry was cast upon him by the mere fact of actual possession on the part of the appellant. If it were allowed that by failing to acquaint himself with the fact of possession on the part of another than the vendor the vendee could avoid the effect of the rule above stated, he could purposely avoid any inquiry on the subject, and thereby evade the rule and its consequences entirely. There are

other questions of minor importance presented by the record, but as the determination of this one is decisive of the case, they need not be considered.

Judgment reversed, and cause remanded for a new trial.

SHARPSTEIN, J., McFARLAND, J., FOX, J., THORNTON, J., and BEATTY, C. J., concurred.