[Civ. No. 414.   Fourth Appellate District.—September 15, 1931.]

SECURITY TRUST & SAVINGS BANK OF SAN DIEGO (a Corporation), Appellant, v. BLANCHE P. MATSON et al., Respondents.

Hamilton, Lindley & Higgins for Appellant.

Harvey H. Atherton for Respondents.

JENNINGS, J.—Plaintiff appeals from a judgment denying recovery in an action instituted by it to recover damages from a notary public and the surety on her official bond. The record discloses the following pertinent facts:

For approximately two and one-half years prior to December 27, 1928, one Lewis H. Homer was an attorney-infact for respondent Indemnity Insurance Company of North America in the city of San Diego. During the month of December, 1928, the said Lewis H. Homer sought to procure from appellant the loan of $15,000 and offered to secure repayment of the loan by depositing with appellant a bond executed by the Indemnity Insurance Company of North America guaranteeing repayment of the loan. The deal was consummated and the loan made. The bond which was thus given purported to have been executed by Gordon L. Eby, also an authorized agent and attorney-in-fact of the respondent Insurance Company. The bond was not in fact executed by Gordon L. Eby and his signature appearing thereon was forged. Attached to the bond was a notarial certificate in the usual form reciting that Gordon L. Eby, known to the notary to be the person whose name is subscribed to the within instrument as attorney-in-fact of the Indemnity Insurance Company of North America, had personally appeared before the notary and acknowledged that he had subscribed the name of the company as principal and his own name as attorney-in-fact. The certificate bore the seal of a notary public. The signature of the notary is a genuine signature. The evidence discloses that the notary who had been employed as a stenographer in the office of Gordon L. Eby in San Diego, was not so employed

at the time the bond was made. It also appears that it was the custom of the notary, during the time she was employed in Eby's office, to keep in her desk, available for use by anyone who had access thereto, a number of blank acknowledgments signed by her as notary. The evidence discloses that the notary did not possess a seal of her own, but used a blank notarial seal which was the property of the office. This seal remained in the office when she terminated her employment with Gordon L. Eby during the month of November, 1928. It is undisputed that although the signature of the notary appearing on the certificate attached to the bond is a genuine signature, the recital contained therein that Gordon L. Eby had appeared before her on December 27, 1928, and acknowledged that he had subscribed the name of the Indemnity Insurance Company of North America to the bond as principal and his own name as attorney-in-fact is untrue and that Gordon L. Eby did not subscribe the company's name as principal or his own name as attorney-in-fact, nor did he acknowledge that he did. The conclusion is obvious that Lewis H. Homer, who was employed in the office of Gordon L. Eby forged Eby's signature to the bond, secured possession of one of the blank notarial certificates bearing the signature of the notary, impressed it with the notarial seal which was in the office, and attached the certificate to the spurious bond, which he deposited with appellant to secure repayment of the loan made by appellant to him. The complaint alleges that the notary had been duly appointed and was acting as such on December 27, 1928; that her official bond had been duly approved by a judge of the superior court; that appellant made the loan to Lewis H. Homer in reliance upon the bond deposited as security; that it believed the bond was valid and genuine for the reason that the purported signature of Gordon L. Eby as attorney-in-fact appeared to have been acknowledged before the notary; that her certificate was genuine and by reason thereof appellant believed the bond to which it was attached and the signature of Gordon L. Eby as attorney-in-fact were authentic and genuine and that it had good security for the loan; that Lewis H. Homer is insolvent and the loan obtained by him has not been paid and by reason of the genuine certificate of acknowledgment of the notary attesting the forged signature of Gordon L. Eby as attorney-

in-fact, appellant has suffered damage to the extent of the unpaid loan.

The answer of respondents denies that the notary took the acknowledgment of Gordon L. Eby; that Eby had subscribed the name of the Indemnity Insurance Company of North America to the bond and his own name as attorney-in-fact or that the notary had prepared the certificate or impressed the notarial seal upon it or that she had attached the certificate to the bond or that she had known of the bond or the attachment of the certificate to the bond until many months after the transaction had taken place. It is alleged that the nature of the transaction was so unusual as to put appellant upon notice of its irregularity and that by the exercise of ordinary prudence it could have ascertained that the signature of the attorney-in-fact was forged and the bond spurious. The answer also contains allegations that appellant had in its possession signature cards of Gordon L. Eby and that for a number of years Gordon L. Eby had been a customer of appellant and a depositor in appellant's bank and had engaged in numerous transactions with said bank whereby his signature had become known to appellant's officers and employees so that appellant by the exercise of ordinary care could have ascertained the forgery and that the acceptance of the spurious bond under the circumstances was gross negligence and any damage resulting therefrom was caused by the negligence of appellant.

The trial court found that the bond was not in fact executed by Gordon L. Eby, but that the name of Gordon L. Eby was wrongfully signed to the bond by Lewis H. Homer without authority and was a forgery. The court further found that the signature of the notary was genuine, but that she did not take the acknowledgment of Gordon L. Eby and that she did not impress the notarial seal upon the certificate nor attach the separate slip of paper containing the purported acknowledgment to the bond and that the notary did not know of the execution of the bond or the attachment of the purported certificate of acknowledgment to the bond until more than two months after the loan was made. The court also found that the notary was negligent in signing certificates of acknowledgment in blank and allowing them to remain in the office where she

had been employed, but that her negligent action in this regard was not the proximate cause of appellant's damage. It was found that the loan by appellant to Homer upon the security of the bond was a very unusual transaction and that appellant failed to use ordinary diligence in making the loan without investigating the surrounding circumstances and without making any effort to verify the representations of Homer. The court further found that appellant did not rely upon the certificate of acknowledgment attached to the bond, but required Homer to produce special written authority from the Insurance Company for the execution of the bond and that the written authority which was produced was not in fact executed by the manager of the Insurance Company as it purported to be, but that the manager's signature to the written authorization was forged. From the findings thus made the court concluded that the appellant was not entitled to prevail and denied recovery.

Appellant contends that the judgment of the trial court is not sustained by the evidence; that the judgment is contrary to law; that the bank was not required as a matter of law to investigate the validity of the signature of respondent, Indemnity Insurance Company of North America because, it is said, the notary's certificate is a guarantee of the authenticity of such signature.

Appellant's first contention may be disposed of readily. The record discloses the production of ample evidence to support every finding of fact which the trial court made.

With respect to the second contention, appellant urges that the trial court erred in permitting the notary to impeach her certificate of acknowledgment upon which appellant was entitled to rely and did rely. The logical effect of appellant's contention is therefore that a notary, who has negligently rendered it possible for a wrongdoer to misuse a certificate of acknowledgment, is liable although the person who dealt with such wrongdoer was himself guilty of negligence which was the proximate cause of the damage sustained. It is true that appellant's complaint was not based on the negligence of the notary, but the answer of respondents alleged contributory negligence on the part of appellant and it was an important issue in the case. The defense of contributory negligence necessarily assumed negli-

gence on the part of the notary. The trial court found that the notary was negligent, a finding amply sustained by the evidence. The evidence was likewise ample to sustain the court's finding that appellant was negligent and that its negligence was the proximate cause of the loss incurred by appellant. Such a state of facts precludes recovery by appellant. (*Hatton* v. *Holmes,* 97 Cal. 208 [31 Pac. 1131]; *Oakland Bank of Savings* v. *Murfey,* 68 Cal. 455 [9 Pac. 843]; *Riverside P. C. Co.* v. *Maryland C. Co.,* 46 Cal. App. 87, 90 [189 Pac.. 808]; *Brown* v. *Rives,* 42 Cal. App. 482, 489 [184 Pac. 32].)

■ Appellant's third contention is that no legal duty was imposed upon appellant to investigate the genuineness of the signature of respondent Indemnity Insurance Company of North America by its attorney-in-fact because the notary's certificate guaranteed the authenticity of such signature. This contention is closely related to appellant's second contention hereinbefore discussed and amounts to a declaration that a notary is a guarantor of the genuineness of the signature of the individual who acknowledges that it is his signature although the person who takes the instrument bearing the notary's certificate may be grossly negligent and his negligence be the proximate cause of the loss suffered. There is no rule of law that imposes so severe a burden upon a notary. Section 801 of the Political Code of California imposes a liability upon a notary and the sureties on his bond for damages sustained through official misconduct or neglect. The action was tried on the theory that the notary was negligent in leaving about her desk blank forms of acknowledgment bearing her signature which made possible the misuse of such forms in the manner in which one such form was here used to the damage of an innocent third party. To such an action the contributory negligence of the third party is a defense and if made out by the production of competent evidence is a complete answer. (*Bank of Savings* v. *Murfey, supra.*) The evidence produced at the trial showed that Gordon L. Eby, the attorney-in-fact of the Insurance Company, had been a customer of and depositor in the appellant bank for a number of years; that the bank had cards bearing his signature; that the forged signature appearing on the bond differed radically from the genuine signature; that the bank, although it questioned his

authority to execute the bond in question, made no effort to communicate with him regarding his signature; trusted to the man to whom they were making a loan of $15,000 to send a telegram to the office of the Insurance Company in San Francisco, inquiring as to the authority of Eby to execute the bond and when later shown a letter purporting to be signed by the manager of the Insurance Company authorizing the execution of the bond raised no further question and completed the transaction. It is further to be noted that the trial court found that the transaction, wherein the loan was made on the sole security of a bond of an insurance company guaranteeing repayment of the loan, was an unusual transaction, a finding supported not only by the evidence of appellant's action in questioning the authority of the attorney-in-fact to execute the bond, but by other evidence sufficient to sustain it. The recital of the facts indicates the correctness of the court's judgment.

The judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.