## LUILLA COX v. CHARLES H. DEVINNEY.

Submitted July 6, 1900—Decided November 12, 1900.

Possession of land by a third person, in order to be effectual as notice to a subsequent purchaser from, or creditor of, the record owner, of the possessor's rights therein, must be of such a character as to indicate that some one other than he who appears by the record to be the owner is the occupant of and has rights in the premises.

---

On error to the Burlington Circuit.

Before DEPUE, CHIEF JUSTICE, and Justices GUMMERE, LUDLOW and FORT.

For the plaintiff in error, *Gilbert & Atkinson.*

For the defendant in error, *Jerome B. Grigg* and *Mark R. Sooy.*

The opinion of the court was delivered by

GUMMERE, J. This is an action of ejectment. The premises in dispute consist of a lot of land in Mansfield township, Burlington county, with a barn and wagon-house standing upon it. Both parties to this case claim title thereto through one Elwood Mount, a former owner thereof. Mrs. Cox, the defendant in error, bases her claim on a deed made by the sheriff of the county of Burlington, dated August 20th, 1898, consummating a sale made by him under an execution issued out of the Supreme Court upon a judgment recovered by Mrs. Cox in that court against said Mount on May 14th, 1898. Devinney, the plaintiff in error, bases his claim on a deed made to him by Mount, bearing date March 1st, 1898, acknowledged April 2d, 1898, and recorded July 15th of that year.

The title of Mrs. Cox relates back to the entry of the judgment upon which the sheriff's sale rests. By our Registry act (*Gen. Stat., p. 882, § 145*) it is declared that all deeds of conveyance or release of lands lying in this state, or of any estate or interest therein, thereafter to be made, shall, until duly recorded in the county where such lands lie, be void and of no effect against subsequent creditors without notice, &c. The judgment against Mount having been recovered prior to the date of the record of the deed from him to Devinney, that deed, by force of our statute, was void and of no effect against the lien of Mrs. Cox's judgment, unless she had notice of its existence before the entry of her judgment. It is not contended on behalf of defendant that Mrs. Cox had actual notice that he held a conveyance of the premises. The claim is that the proofs in the case show such a state of facts as charged her with constructive notice of his deed; and it is assigned as error that the trial court improperly instructed the jury as to the effect of those proofs in fixing notice upon her.

It appears by the bill of exceptions that Devinney rented the premises in question in the spring of 1897 from Mount, and shortly afterwards had a grape-vine trimmed which was growing there. He did nothing more upon the premises

until July, when he planted corn and pumpkins. After this crop was gathered he appears to have done nothing with the land until the succeeding spring, except to keep some chickens there. In the spring of 1898 he had some potatoes planted. This was the extent of his occupation prior to the entry of the judgment in May, 1898. No use was made of the barn or of the wagon-house by him at any time, so far as the bill of exceptions show.

While the general rule is that possession of land is notice to a purchaser of the possessor's right therein, nevertheless such possession, to be effectual, as notice, must be not only exclusive and uninterrupted, it must also be open, notorious and visible, *i. e., it must indicate the occupant.* The fact that lands are under cultivation does not, of itself, suggest that anyone other than the reputed owner of the premises is in possession of them. In order to charge a purchaser with notice, the occupation must be of a character which would put a prudent person upon inquiry; it must indicate that someone other than he who appears by the record to be the owner has rights in the premises. *Coleman* v. *Barklew,* 3 *Dutcher* 357.

In the present case the trial judge left it to the jury to say whether the facts above recited were sufficient to put the judgment creditor upon inquiry, and charge her with notice of Devinney's rights in the premises. This was at least as favorable an instruction as the plaintiff in error was entitled to have submitted, and affords him no just ground of complaint. Indeed, under the facts proved, the court would have been justified in charging that they afforded no notice to the judgment creditor of any right in Devinney, for the natural conclusion to be drawn from the visible occupation of the premises was that they were in the possession of Mount, the record owner.

The judgment below should be affirmed.