[Sac. No. 2588. In Bank.—May 2, 1919.]

FRANCES E. RANDALL, Plaintiff and Respondent, v. E. E. ALLEN et al., Defendants and Appellants; S. E. BABSON, Defendant and Respondent.

[1] VENDOR AND VENDEE—INNOCENT PURCHASERS FOR VALUE—NOTICE—PRIORITY.—Where an owner of real property executes two conflicting instruments affecting it, both for a valuable consideration and in favor of an innocent party, the right of the second purchaser for value, whose instrument is first recorded, is superior, unless the second purchaser had notice of the existence of the rights of the first purchaser.

[2] ID.—MORTGAGE—PRIOR UNRECORDED CONTRACT OF SALE—NOTICE—OCCUPANCY AND POSSESSION.—A mortgagee of land is charged with constructive notice of the rights of purchasers under a prior unrecorded contract of sale, where such purchasers upon receiving their contract, took possession of the land, cultivated it, and thereafter occupied and possessed it.

[3] ID.—POSSESSION NOT ESTABLISHING NOTICE.—It is not every kind of possession of land that will constitute or establish notice to a prospective purchaser of latent equities or of rights claimed under some unrecorded instrument. A possession which would be sufficient to ripen into a title by prescription may not be sufficient to constitute constructive notice to a purchaser of the record title.

[4] ID.—POSSESSION ESTABLISHING NOTICE — CHARACTER OF.—Possession of land by a purchaser who has not recorded his conveyance in order to be sufficient to establish notice to a second purchaser must be open, notorious, exclusive, and visible, and not consistent with the record title.

APPEAL from a judgment of the Superior Court of Kings County. M. L. Short, Judge. Reversed.

The facts are stated in the opinion of the court.

T. E. Clark for Defendants and Appellants.

Stahl & Sayles for Plaintiff and Respondent.

Williams & Rutan and A. W. Rutan for Defendant and Respondent.

OLNEY, J.—On January 14, 1911, a corporation, by name the Eucalyptus Timber Company, being the owner of a certain quarter-section of land in Kings County, contracted in writing to sell the south half of it to the appellants, I. N. and E. E. Allen. The purchase price was four thousand eight hundred dollars, of which one thousand six hundred dollars was paid at the time, one thousand six hundred dollars was to be paid November 1, 1912, and the remaining one thousand six hundred dollars November 1, 1913. The contract provided that the purchaser might take immediate possession.

The Allens neglected to record their contract, and by deed dated July 21, 1911, the Eucalyptus Timber Company conveyed the entire quarter-section to one John S. Cornell, who in turn, and practically at the same time, mortgaged the property to the respondent, Frances E. Randall, for four thousand dollars, to secure a loan for that amount made by her to Cornell. There is no reference in the mortgage, and, so far as appears, no reference in the deed by the Eucalyptus Company to Cornell to the prior contract of sale to the Allens of a part of the land.

Cornell was the assistant secretary of the Eucalyptus Timber Company and as such had executed on its behalf the contract of sale to the Allens. He must have known of its existence. There is no clear explanation in the record of his conduct and that of the Eucalyptus Company in conveying and mortgaging the property without reference to the outstanding contract of sale. For the purposes of this appeal, however, we may take the view most favorable to the appellants, and assume that the Eucalyptus Company and Cornell were guilty of the gross fraud of attempting to realize twice on the same piece of property. There is, however, no evidence that the respondent, Mrs. Randall, was a party to this fraud or that she did not make the loan on the property in the utmost innocence.

The mortgage to Mrs. Randall is dated July 21, 1911; its execution is acknowledged August 12, 1911, and it was recorded August 14, 1911, at which last date the contract of sale to the Allens was still unrecorded. The deed by the Eucalyptus Company to Cornell was also recorded either then or immediately prior. [1] So far we have the simple and familiar case of the owner of real property executing two

conflicting instruments affecting it, both for a valuable consideration and in favor of an innocent party, the latter of which instruments in date of execution is recorded before the former. The statutory rule in such cases is that the right of the second purchaser for value, whose instrument is first recorded, is superior, unless the second purchaser had notice of the existence of the rights of the first purchaser.

The mortgage debt was not paid when it became due and Mrs. Randall brought this suit to foreclose her lien, making the Allens parties defendant. They answered, claiming their contract to be superior to the mortgage, and in particular alleging that immediately upon the making of the contract they had gone into the possession and occupation of the land and had continued in such possession and occupation ever since. The cause went to trial and a decree of foreclosure against the Allens followed, the lower court finding that Mrs. Randall had neither actual nor constructive notice of the rights of the Allens at the time she took her mortgage. From this decree the Allens appeal.

It is apparent from the foregoing facts that the all-important and controlling point in the case was that of the possession of the Allens. There is nothing to substantiate a claim that Mrs. Randall had any knowledge of their unrecorded contract or any notice other than constructive notice by reason of their alleged possession. If they had such possession as would constitute or be presumptive evidence of constructive notice, their contract would be superior to the mortgage, otherwise it would not. Although this question as to the possession of the Allens was the controlling issue, yet we have the rather remarkable situation that the only evidence on the point in a transcript of 134 pages is the following two bits of testimony, the first by E. E. Allen and the second by I. N. Allen:

"Q. How long was it after that that you took possession of that land? A. Why, right away.

"Q. Right away? A. Right away.

"Q. And have you been in possession of the land ever since? A. Yes, sir.

"Q. Occupying and cultivating it?

"Mr. Williams: Well, let him—

"A. Yes, sir.

"The Court: Yes, he had better state what he has been doing with it; that's the better way.

"Mr. Clark: Q. You are in possession of the land at the present time and living on it? A. Yes, sir."

Again:

"Q. Well, with reference to the time when the contract of the Eucalyptus Timber Company was made with you selling you the land, when did you enter into possession of that land?

"A. Right away afterwards; within a few days; in the same month.

"Q. Been in possession of it ever since?

"A. Had possession of it ever since."

. The trial court found, as we have stated, that Mrs. Randall did not have notice, and the foregoing being the only evidence on this point, the ultimate question for our decision is whether or not that finding can be sustained in view of this evidence.

[2] With considerable hesitation we have reached the conclusion that the finding cannot be sustained. It is not every kind of possession that is sufficient to constitute or establish notice. The testimony is very meager and unsatisfactory. Yet it would seem, standing by itself as it does, uncontradicted and unmodified, to have in it enough to show a possession of the requisite character. Epitomizing it, it is to the effect that the Allens, upon receiving their contract of purchase, took possession of the land, cultivated it, and have *occupied* and possessed it ever since. The statement that they were living on the property "at the present time" is immaterial. The critical time is not the present, but the time when Mrs. Randall took her mortgage. But the statement that the Allens were "occupying" the property, giving to that word its usual meaning, and we can hardly presume that it was used in any other sense in the testimony, would seem to be sufficient to characterize the possession, particularly when coupled with the statement as to ·cultivation. Actual occupancy of the land, *possessio pedis,* has always been held, in the absence of qualifying circumstances, to be possession of a character sufficient to constitute or establish notice. We conclude, therefore, that the finding in question is not justified in the face of this evidence as the only evidence on the point, and that the judgment must be reversed. We are the more willing to reach this conclusion because it will give the parties an opportunity to put the facts fully before the court on a new trial so that a decision may be reached with some certainty that it accords with the actual facts of the case,

something that is not possible in the present state of the record.

It may be well for the guidance of the parties and court on a new trial to say something further as to the character of the possession that must be shown in order to subordinate Mrs. Randall's mortgage to the unrecorded contract of the Allens. **[3]** As we have said, it is not every kind of possession that will constitute or establish notice. Possession which, if adverse to the owner would ripen into title by virtue of the statute of limitations, may not be at all sufficient to constitute notice to the purchaser of the record title for value. If, for instance, the land is part of a larger tract, all of which is uninclosed, and one not the owner enters upon the particular piece under color of title and cultivates it in the same manner as the adjoining portions of the tract, there is a possession adverse to the real owner which if continued for the statutory period will ripen into title. But such possession will not constitute notice to a prospective purchaser of latent equities or of rights claimed under some unrecorded instrument. The reason for the difference lies in the difference of situation. The owner of the land, seeing the land cultivated, knows or should know whether or not he cultivated it, and knowing that he did not, should be at once aware that someone is using and enjoying his property adversely. But to a prospective purchaser from the record owner of the whole tract there is nothing to indicate any difference in the possession of the particular piece from that of the balance of the tract.

We have used the foregoing illustration because Mrs. Randall's counsel contend in their briefs that the foregoing are the facts in this case. We, of course, cannot consider statements of fact in the briefs, not sustained by the record, in arriving at a decision. We can consider them, however, to point the discussion.

A case presenting almost exactly the above facts, except that the strong factor in favor of the record purchaser that the land was part of the larger uninclosed tract was not present, is *Cox* v. *Devinney*, 65 N. J. L. 389, [47 Atl. 569], wherein it was held the record purchaser was not charged with notice by a possession of the character indicated. The court states the reasons for the decision as follows: ''While the general rule is that possession of land is notice to a purchaser of the

possessor's right therein, nevertheless such possession, to be effectual, as notice, must be not only exclusive and uninterrupted, it must also be open, notorious and visible, i. e., *it must indicate the occupant.* The fact that lands are under cultivation does not, of itself, suggest that anyone other than the reputed owner of the premises is in possession of them. In order to charge a purchaser with notice, the occupation must be of a character which would put a prudent person upon inquiry; it must indicate that someone other than he who appears by the record to be the owner has rights in the premises. *Coleman* v. *Barklew,* 3 Dutch. [27 N. J. L.] 357.''

With the general principle of *Cox* v. *Devinney* (putting upon the statement that the possession ''must indicate the occupant,'' the meaning which was undoubtedly intended, that it must indicate an occupant other than the record owner, not that it must indicate who such occupant is) the decisions of this state are in accord. (*Havens* v. *Dale,* 18 Cal. 359; *Fair* v. *Stevenot,* 29 Cal. 486; *Smith* v. *Yule,* 31 Cal. 180, [89 Am. Dec. 167]; *Taylor* v. *Central Pac. R. R. Co.,* 67 Cal. 620, [8 Pac. 436]; *Dreyfus* v. *Hirt,* 82 Cal. 621, [23 Pac. 193]; *Emeric* v. *Alvarado,* 90 Cal. 471, [27 Pac. 356]; *Schumacker* v. *Truman,* 134 Cal. 432, [66 Pac. 591].)

[4] They may be summed up as holding that possession in order to be sufficient to establish notice must be open, notorious, exclusive and *visible,* and not consistent with the record title. This is likewise the general rule in this country upon the point. (1 Jones on Mortgages, secs. 591, 593.) Underlying these requirements is the idea that the circumstances relied on to establish constructive notice, whether they be possession or something else, must be such that a prudent man would be put upon inquiry.

Judgment reversed.

Shaw, J., Wilbur, J., Melvin, J., Lennon, J., Lawlor, J., and Angellotti, C. J., concurred.