[Civ. No. 2942.    Second Appellate District, Division One.—June 22, 1920.]

## W. H. PETERKIN, Respondent, v. RANDOLPH MARKETING COMPANY (a Corporation), Appellant.

[1] CONTRACTS—SALE OF ORANGES—NATURE OF AGREEMENT—CONFLICTING EVIDENCE—VERDICT—APPEAL.—In this action to recover a balance alleged to be due under an agreement for the sale of oranges, notwithstanding the testimony of the plaintiff and his assignor, which was to the effect that the fruit was delivered to defendant for shipment upon an agreement by the latter whereby it guaranteed a certain stipulated sum per box, was contradicted by the testimony of defendant's witnesses, which was to the effect that the fruit was delivered to it for marketing on a commission basis, without purchase or guaranty as to price at which it was to be sold, the jury having resolved the conflict in favor of plaintiff, its determination on that question was conclusive on the appellate court.

[2] PRINCIPAL AND AGENT—AUTHORITY OF AGENT—BURDEN OF PROOF.—In such action, the defendant having denied the authority of its agent to either purchase fruit or guarantee a price at which it was to be sold f. o. b. or otherwise, and the plaintiff and his assignor having dealt with such agent, knowing him to be acting as an agent of defendant, the burden was upon them to show that he, in making the alleged agreement, was acting within the scope of authority conferred upon him so to do, or that defendant, by its conduct, was estopped to deny that its agent had such authority, which they did not do.

[3] APPEAL—ALTERNATIVE METHOD—OMISSION OF RECORD—PRESENTATION ON REHEARING.—Where the appeal was taken under the alternative method, a rehearing will not be granted to enable either party to present evidence which they did not deem of sufficient

importance to print in their briefs, as required by section 953c of the Code of Civil Procedure, and which, therefore, was not called to the attention of the appellate court. (On denial of rehearing.)

APPEAL from a judgment of the Superior Court of Orange County. Z. B. West, Judge. Reversed.

The facts are stated in the opinion of the court.

John H. Miller for Appellant.

F. C. Drumm for Respondent.

SHAW, J.—In this action a judgment was entered upon the verdict of a jury for $1,740.60 in favor of plaintiff, from which defendant appeals.

Plaintiff sues for himself and as assignee of one Whiting, both of whom were owners of orange groves upon which, in the fall of 1917, there were crops of fruit ready for market. Defendant was a corporation engaged in the marketing of such fruit. The claims of plaintiff and his assignor, as appears from the complaint, are that they delivered their fruit to defendant for shipment upon an agreement by the latter whereby it guaranteed a price, f. o. b. at Anaheim, of a certain stipulated sum per packed box of oranges, less a certain sum for picking, packing and commission to be received by defendant; while, on the other hand, defendant asserted the fruit was consigned to it for marketing on a commission basis, without purchase or guaranty as to price at which it was to be sold.

The record is presented in a typewritten transcript, and counsel for both parties, recognizing the rule prescribed by section 953c of the Code of Civil Procedure, have printed in their briefs that portion of the record upon which they rely to sustain their respective contentions.

It appears that defendant's principal place of business was in the city of Los Angeles; that it had a house in Orange County where it received and packed fruit for shipment; that J. C. Gow, who was a soliciting agent, called upon plaintiff and Whiting and solicited the handling and sale of their fruit crop by defendant on commission; as to all of which there is no controversy in the evidence. A

conflict, however, arises as to the nature of the oral agreement under which the fruit was delivered to defendant. The testimony of both plaintiff and his assignor tends to prove that Gow came to them with a proposal to ship on consignment, which they declined; that thereafter, in an interview with Gow, he agreed to guarantee plaintiff a stipulated price for the fruit, out of which defendant was to receive sixty-five cents per box for picking, packing, and marketing. And like testimony was given by Whiting as to the agreement made with Gow. Plaintiff testified as follows: "It is my theory that I sold the fruit to the Randolph Marketing Company"; and, further, "I considered it a purchase; if the fruit brought more than the price agreed upon, I was to have the excess. . . . It was understood that the fruit was subject to inspection at the other end. . . . If the fruit had been rejected on inspection, it would have reduced my claim."

[1] Notwithstanding testimony of defendant contradicting plaintiff's theory as to the meaning of the contract, the evidence of plaintiff tends to prove his asserted theory, and upon such conflict the conclusion of the jury must, as to the nature of the contract made by the defendant's agent, be deemed conclusive. [2] Gow, however, was acting in the capacity of an agent, and while it is conceded by defendant that he was empowered to solicit contracts for consignments of fruit to it, to be picked, packed, and sold on commission, it denies that he had authority, either express or implied, in acting for defendant, to either purchase fruit or guarantee a price at which it was to be sold f. o. b. or otherwise. Since plaintiff and his assignor dealt with Gow, knowing him to be acting as an agent of defendant, the burden was upon them to show that he in making the alleged agreement was acting within the scope of authority conferred upon him so to do. While counsel for respondent concedes that no express power was conferred upon Gow to either purchase or guarantee the price of the fruit delivered to defendant, he nevertheless insists that he was clothed with ostensible authority to make the agreement, and hence, since as claimed it recognized and adopted like contracts made by him with others, defendant is estopped from denying that Gow as its agent was authorized to make the alleged agree-

ments. Conceding this to be the law, our attention is directed to no evidence whatever, either printed in the brief or contained in the typewritten transcript, which in the slightest degree tends to show that defendant had, through its agents or otherwise, purchased fruit at a stipulated price or guaranteed the price thereof, or shipped fruit other than on consignment for sale on commission.

The trial court, in recognition of the law, properly instructed the jury that in order to entitle plaintiff to recover they must find "that in the making of said agreements with said Gow as the said agent of the Randolph Marketing Company, the plaintiff and said C. H. Whiting acted in good faith and with ordinary care, and that the making of such agreements was within the actual or *apparent scope* of the authority of said Gow." Admittedly there was no actual authority conferred upon Gow to make the contracts, and as stated, our attention is directed to no evidence tending to show any act on the part of defendant from which the conclusion can be drawn that he had apparent authority to make such contracts for and on behalf of defendant, which, upon delivery of the fruit, received it without knowledge or information that it was consigned otherwise than in the ordinary course for sale upon commission.

The judgment is reversed.

Conrey, P. J., and James, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 14, 1920, and the following opinion then rendered thereon:

THE COURT.—Respondent's petition for a rehearing herein is denied.

In presenting this appeal both parties, as stated in the opinion, printed in their briefs the portions of the evidence, taken from the typewritten transcript, upon which each of them relied. In his petition for a rehearing respondent does not base his claim thereto upon the fact that in considering the evidence so printed we arrived at an erroneous conclusion, but now for the first time in his petition for rehearing he asks us to reconsider the case upon evidence printed therein to which no reference was made in present-

ing the appeal.  **[3]**  In deciding the case the court, as it was justified in doing, assumed that both parties not only directed our attention to all of the points upon which they relied, but likewise to all the evidence upon which they relied in support of their respective contentions; and having, as we believe, properly decided the case thereon, a rehearing should not be granted to enable either party to present what in fact constitutes a new record; that is, evidence which they did not deem of sufficient importance to print in their briefs as required by section 953c of the Code of Civil Procedure, which requires one availing himself of the provisions of sections 953, 953a, and 953b of the Code of Civil Procedure, in appealing from a judgment or order, to print in his brief such portions of the record as he desires to call to the attention of the court.  And where, as in this case, it appears that the parties exercise such right, and submit the appeal, another hearing thereof upon other evidence than that first presented at the hearing, should not be granted.  Otherwise repeated hearings of the same case must be had by the court.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 20, 1920.

Wilbur, J., Olney, J., and Lawlor, J., voted for granting of petition.

Angellotti, C. J., Shaw, J., and Lennon, J., voted against granting of petition.