[Sac. No. 2934. In Bank.—December 7, 1922.]

JOHN WESLEY GIBBONS, Respondent, v. YOSEMITE LUMBER COMPANY, etc., et al., Appellants.

[1] VENDOR AND VENDEE—PASTURAGE LAND—POSSESSION—NOTICE TO PURCHASER.—Actual residence on a part and use of all of a tract of uninclosed land for the purposes to which it is adapted, that of pasturage, and maintenance of exclusive possession by keeping off the stock of others as provided by an oral agreement of purchase with the owner, is sufficient to impart notice to a subsequent purchaser of the exclusive occupancy of the entire tract, notwithstanding that when the feed ran short such occupant permitted his stock to go on the adjoining lands under agreement with the owner.

[2] ID.—POSSESSION OF PASTURAGE LAND—CONTINUITY OF.—A possessor of land using the same for pasturage is not required to

continuously keep his stock upon his land after its feed is gone in order to avail himself of his rights of possession dependent upon his use of the premises for pasturage.

APPEAL from a judgment of the Superior Court of Merced County.   George E. Church, Judge, Presiding. Affirmed.

The facts are stated in the opinion of the court.

F. G. Ostrander, J. J. Griffin and H. K. Landram for Appellants.

F. W. Henderson for Respondent.

RICHARDS, J., *pro tem.*—The following portion of the opinion of the district court of appeal is adopted as correctly stating the facts of this case:

"This case was formerly before the Supreme Court (172 Cal. 714 [158 Pac. 196]).  The judgment of the superior court was reversed upon the ground that the finding 'that plaintiff is the owner of the land' was unsupported, the action being to quiet title.  However, the Supreme Court said: 'It may be that there has been such partial performance of an oral contract to convey as would meet the defense of the statute of frauds, and that the plaintiff could establish a right to have the agreement specifically enforced.  But the pleadings are not so framed as to present the issues embraced in an action for specific performance. . . . If the plaintiff desires to assert his right to have the legal title conveyed to him, his only course is to seek his relief by appropriate pleadings directed to that end, either in a new action or by application to the court below for leave to file an amended complaint.'  Accordingly, plaintiff by leave of the trial court did amend his complaint and he obtained judgment in harmony with the prayer thereof.  The trial court found that on or about the first day of January, 1888, John L. Ivett, who was then the owner of the forty acres herein involved, entered into an oral agreement with plaintiff for the purchase of said property upon the following terms and conditions: That plaintiff should forthwith enter into possession thereof, take and use the same for his own benefit, build thereon and occupy it with his family, and for a period of two years keep off of all the grazing land of said Ivett trespassing sheep and cattle on their way to and

from the mountains, and that upon the work and labor being done by Gibbons, Ivett would convey to him said forty acres of land; that the value of said land was not in excess of one hundred dollars; that the reasonable value of said services of plaintiff exceeded said amount; that the annual injury that would have been caused to Ivett's land on account of said trespassing would be in excess of five hundred dollars had it not been for plaintiff's said services, and that the land mentioned in 1888 and for many years thereafter was adapted to and fit for no other than grazing purposes. The court further found that plaintiff took possession of said forty acres in 1888, erected valuable improvements thereon at his own expense, moved on to the property with his family, and ever since said time has continued to live thereon and use the same to the exclusion of all other persons; that the use made by him has been for grazing purposes and according to the custom of the country in and near said land; that plaintiff performed all the terms and conditions of said agreement by him to be performed; that John L. Ivett died on or about November 9, 1890, without having made any conveyance to plaintiff; that subsequently Sophie A. Ivett, now Sophie A. Leland, became and ever since has been the administratrix of his estate; that on October 24, 1911, Yosemite Lumber Company, a corporation of Nevada, the predecessor in interest of all of the other defendants other than said administratrix, acquired the record title to the property in question with other land formerly a part of the Ivett estate, and that the *lis pendens* herein was filed February 18, 1913, preceding the conveyances from said Nevada corporation.

"As to said agreement of purchase, appellants admit that the evidence is sufficient to support the finding of the court and 'that it is now too late to argue evidence in which there is a conflict or urge the relative equities of the parties as to matters upon which the finding of the lower court is conclusive.' They contend, however, that their case is that of an innocent purchaser for value without notice of plaintiff's equities. In this connection, it is conceded, though, that notice was imputed to them of the occupany of the land covered by the buildings, a small tract, the extent of which was not shown by the evidence. But as to the lands not so occupied by the buildings, their claim is that plaintiff 'did not use or possess them in such a manner as to give notice

to an innocent purchaser of the legal title such as defendant.' "

[1] The crucial question in this case is as to whether the evidence was sufficient to establish such actual possession of the premises in question by the plaintiff as to impart notice of his rights and equities therein to the defendant as purchaser of the entire tract of which these premises were originally a portion from the estate of John L. Ivett, deceased. As to the possession by the plaintiff of that portion of said premises occupied by his dwelling-house, outhouses and corral, the evidence in the case sufficiently shows that shortly before the purchase by the defendant of the Ivett properties from the estate, the president and manager of the defendant corporation, during a visit of inspection to and over said properties, saw the buildings and improvements of the plaintiff upon that portion thereof involved in this case, and hence had actual knowledge that the plaintiff was residing upon and occupying at least that portion thereof upon which such buildings and improvements actually stood at the time of such inspection. The appellant, however, contends that since the plaintiff was not in possession of any portion of the premises under color of title his possession of the portion thereof occupied by his said improvement did not suffice to impart notice of his claim of ownership of the entire tract of forty acres, which he now seeks to have conveyed to him. We are of the opinion, however, that it is not necessary to discuss the question as to whether the plaintiff herein does or does not hold under color of title, in view of our conclusion hereinafter expressed as to the nature and extent of the plaintiff's actual possession of the entire tract. In the present case the evidence goes much further than that of merely proving that the plaintiff was in actual possession of the limited area occupied by his dwelling, outhouse and corral, since it sufficiently appears that from the time in the year 1888, when the oral agreement for the purchase of said forty acres of land was made between the plaintiff and John L. Ivett, the plaintiff took and held possession of the whole of said forty acres of land, and he then proceeded and has ever since continued to put said land and the whole thereof to the ordinary and usual uses to which said land was adapted, viz.: to that of grazing or pasturage purposes; that of pasturing his own cattle and horses upon said land and that of keeping all other stock off said land. It is true that there is

also some evidence that when the feed ran short upon his own land he permitted his stock to go on the adjoining lands of Ivett by an agreement with the latter that he might do so; but we do not regard this latter circumstance as entitled to much significance, and certainly not as a controlling factor in determining the sufficiency of the plaintiff's possession of the land; [2] since in reason, as well as upon authority, a possessor of land using the same for pasturage could neither be expected nor required to continuously keep his stock upon his land after its feed was gone in order to avail himself of his rights of possession dependent upon his use of the premises for pasturage. (*Coryell* v. *Cain*, 16 Cal. 573; *Webber* v. *Clarke*, 74 Cal. 11 [15 Pac. 431]; *Brumagin* v. *Bradshaw*, 39 Cal. 24.) In the case last cited the court says (p. 46): "The general principle which underlies all this class of cases is, that the acts of dominion must be adapted to the particular land, its condition, locality and appropriate use." The controlling factors in the instant case are: that the plaintiff was actually residing upon the land and was actually using it for the purposes to which it was adapted, viz.: that of pasturage, and that he was maintaining his exclusive possession thereof by keeping the stock of all others off the land. We are of the opinion that these facts as shown in the evidence sufficiently prove such actual and exclusive occupancy of the entire tract of forty acres of the land as to amount to *possessio pedis*, and, as such, sufficient to impart notice to the purchaser of the plaintiff's rights and equities therein. The very early case of *Sunol* v. *Hepburn*, 1 Cal. 254, much relied on by the appellant herein, does not militate against this view. That was a possessory action wherein the plaintiff relied for his recovery upon the fact that he had cattle on the land, which roamed and grazed at will over a much larger area, the plaintiff making no effort whatever to keep his cattle on the land, or to keep the cattle of others off it. The court properly held these facts insufficient foundation for a possessory action. In the case of *Bullock* v. *Rouse*, 81 Cal. 590 [22 Pac. 919], the court made use of the following language: "One who uses the land for the pasturage of stock may have actual possession thereof without any enclosure if he employs herders to keep his own stock on the land and other stock off." We think the appellant unduly emphasizes the phrase "to keep his own stock on the land" in the foregoing extract from that case,

since there was no showing therein that the party claiming possession had, either through herders or other means, prevented the escape of his own stock or the intrusion of other stock upon the land, nor that he had any dwelling or other improvements thereon other than a dilapidated fence, forming only a partial improvement. That case is, therefore, not to be taken as controlling authority in the instant case, wherein it was clearly proven that the plaintiff, by watchfulness and herding, kept the stock of all other persons off the land in question, and where, in addition thereto, plaintiff and his family was in the actual occupancy of the portion of the premises covered by his dwelling, outhouses and corral, and that the defendant had actual knowledge of this latter fact at or shortly before the time of its purchase of the Ivett properties at administrator's sale. We think this evidence is sufficient to justify the finding of the trial court to the effect that the plaintiff was in the actual possession of the whole of said forty-acre tract at the time of the defendant's purchase, and that this being so, it must be held to have been charged with notice sufficient to put it upon inquiry as to the plaintiff's rights or equities in the premises. It cannot, therefore, be held to have been a *bona fide* purchaser for value and without notice, of the premises affected by this appeal.

The judgment is affirmed.

Shaw, C. J., Lennon, J., Waste, J., Lawlor, J., and Sloane, J., concurred.

WILBUR, J., Dissenting.—I dissent.

As to the property unoccupied by the buildings and corrals of the plaintiff, I think the evidence is insufficient to justify the finding of notice by reason of possession, because the possession established by the evidence as to the balance of the forty acres is not that open and visible possession indicating occupation adverse to the record title within the rule as laid down by this court in *Randall* v. *Allen*, 180 Cal. 298, 302 [180 Pac. 941]. The possession maintained by pasturing stock upon the uninclosed portion of the forty acres is not in my judgment equivalent in notice to an inclosure by fence within the rule laid down in *Havens* v. *Dale*, 18 Cal. 359, 368, where it is held that the possession to be constructive notice to a *bona fide* purchaser for value "must be evidenced

by an actual inclosure, or something equivalent, as showing the extent and the fact of his dominion and control of the premises.''