[Crim. No. 2510. In Bank.—March 1, 1923.]

THE PEOPLE, Respondent, v. J. K. WOODS, Appellant.

[1] CRIMINAL LAW—FALSE PRETENSES—EVIDENCE—VARIANCE.—In a prosecution for obtaining money by false pretenses based upon the false representation, among others, that an oil derrick was being erected upon land being sold to the prosecutrix, the jury were entitled to infer from the fact that there was no visible evidence of the construction of a derrick or the derrick itself a month after the representations were made that no such derrick was ever under process of construction or was actually erected; nor should the judgment of conviction be reversed because of the alleged variance between the allegations of the information that the defendant represented that an oil well derrick was being constructed, that is, was partly constructed, and the proof that he represented that one was wholly constructed.

[2] APPEAL—RECORD—BRIEFS INCLUDING EVIDENCE—DIRECTORY STATUTE.—The statute requiring the printing in the briefs of the record and evidence relied upon on appeal (sec. 953c, Code Civ. Proc.), particularly since the amendment of 1919 (Stats. 1919, p. 261), must be regarded as one for the convenience of the appellate tribunals, and for that reason directory only, and should be disregarded by the court wherever substantial justice requires it to be done.

[3] ID.—CONSTITUTIONAL LAW—EXAMINATION OF RECORD—REVERSAL ON APPEAL.—The constitution (art. VI, sec. 4½) directs and clearly contemplates an examination of the entire record, including the evidence, for the purpose of ascertaining whether or not there has been a miscarriage of justice before a case shall be reversed because of errors in the instructions or in the admission or rejection of evidence or because of errors of pleading or in any matter of procedure.

[4] ID.—RECORD ON APPEAL.—The record on appeal is that provided by section 953a, and comprehends all the pleadings, evidence, and

190 Cal.—33

matters included in the typewritten transcript prepared as required by law (sec. 953a, Code Civ. Proc.).

[5] ID.—EVIDENCE—BRIEFS—REVIEW OF TRANSCRIPT.—When the question presented to the reviewing court is the sufficiency of the evidence to sustain a verdict, the court may properly assume that the parties have complied with the statute requiring them to print in their briefs the portions of the record upon which they rely, and therefore may confine its investigation to such evidence; but it has been the uniform practice of the supreme court, at least since 1919, to examine the typewritten record in all cases where the sufficiency of the evidence to support the findings is attacked.

[6] ID.—REHEARING—TRANSFER TO SUPREME COURT.—When it appears from evidence presented in the petition for reconsideration of the case by the district court of appeal that there was in fact evidence adduced at the trial and incorporated in the record before the court on appeal which would show that the conclusion arrived at by the court, by confining its attention to the portions of the record printed in the brief, was erroneous, a rehearing should be had in that court and in default of such rehearing by the district court of appeal the supreme court upon an application for transfer disclosing the existence of evidence amply sufficient to sustain the verdict must grant a transfer of the case and affirm the conviction or judgment, notwithstanding the failure of the parties to include in their briefs before the district court of appeal the portion of the record which in the judgment of that court and of the supreme court would sustain the verdict, unless it appears that the conduct of the parties who failed to print such matter in their brief was the result of an effort to secure an unfair advantage.

APPEAL from a judgment of the Superior Court of Orange County. Rex B. Goodcell, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. T. Kendrick, Jr., for Appellant.

U. S. Webb, Attorney-General, and Erwin W. Widney, Deputy Attorney-General, for Respondent.

WILBUR, C. J.—The defendant sold a worthless desert lot to one Frances A. Nelson. In order to induce her to purchase the lot he represented to her that the land was oil land, stating that there was oil there; that they were now putting up a derrick on the land; that they would soon be drilling for oil and that it would be but a short time before

the purchaser would be getting money out of it; that there was a little town on the land and that there was plenty of water there. There was no town there, there was no water in the vicinity except in the Los Angeles aqueduct and that was not available; there was no reason to believe that the land was oil land or that the purchaser would derive a profit from the land. Upon the basis of these misrepresentations the defendant was charged with obtaining money by false pretenses. He was convicted and appeals from the judgment of conviction. He contends for a reversal of the judgment that some of the statements were mere expressions of opinion, others were not relied upon by the purchaser, and the falsity of the others was not proved. The trial court was of the opinion that the representation that the land was oil land was a mere expression of opinion and the district attorney concurred in this opinion and apparently did not ask for a conviction upon that ground. The purchaser testified that she purchased the land because it was oil land and she made certain statements concerning her state of mind which would indicate that she was not influenced to purchase by the fact that there was a town there or that there was water there. The attorney-general contends that although the purchaser did state that she was not particularly influenced by the statements concerning the town being there or water being there, nevertheless the jury from the whole evidence of the witness was justified in concluding that these representations were inducing causes for her purchase, for it is obvious that the availability of water and the location of a town would bear upon the availability of the lot for the development of oil.

The appellant, however, did state to the purchaser that they were putting up an oil derrick on the land, and it is, of course, conceded that such a representation being false and one of the inducing causes for the purchase, would justify the verdict of conviction. It is contended, however, that there was no sufficient proof of the falsity of this representation to justify the conviction based upon its falsity. The prosecuting witness testified that the defendant told her that they had the oil derrick up and that they were probably drilling; that the defendant showed her a picture of the derrick and of the land before they started the derrick and then when the derrick was finished. These representations

were made about the 1st of June, and in the latter part of June the complaining witness accompanied by two friends visited the alleged town. The prosecuting witness testified as follows: "Q. . . . what did you see, what was the character of the land there? A. It was a little rocky, small bushes, small rocks, some brush and a few cactus trees. Q. Were there any oil derricks there? A. No oil derrick. Q. Were there any evidences or preparations of drilling for oil? A. Not a piece of board as big as my hand that I could see. Q. Were there any buildings there of any kind? A. Not a thing. Q. What kind of land was it there, what was the character of the land? A. Rather level, only there would be little low places like that in it."

A month later the complaining witness again visited the land with a surveyor to assist them in locating Aqueduct City. With reference to her observations at that time, she was questioned and replied as follows: "Q. Did you see any oil derrick anywhere, is there any in that country anywhere? No, I could say for myself I didn't see any oil derrick anywhere." The witness also testified that the defendant pointed out to her the location of the alleged oil derrick at the time he induced her to purchase the property and that the location was about three blocks away from the lot purchased by her. The evidence also shows that the defendant indicated upon a map by marking thereon with a pencil the location of the oil well derrick. The defendant himself testified upon that subject as follows: "Q. You said to this jury awhile ago, you said to these people that there were derricks within a few miles of this place? A. Yes, sir. Q. How far is a few miles, give an estimate. A. Well, I am not a judge of distance as I stated on here, I believe in the neighborhood of the same distance stated on the stand before by me." This statement was fourteen miles.

Counsel for the appellant contends, as we understand him, that the fact that there was no oil derrick or any trace of a derrick on the land or in the vicinity a month after the representations were made is no evidence that there was not an oil derrick in some state of construction at the time the representations were made. Appellant states: "There is some evidence that there was not a derrick for several miles around what is known as Aqueduct City Tract, but no one testified that an oil derrick was not

being put up at the time the representation is alleged to have been made by the defendant. It is well established that the averment that the representation is false must be clearly established beyond a reasonable doubt.''

[1] The jury were entitled to infer from the fact that there was no visible evidence of the construction of a derrick or the derrick itself a month after the representations were made that no such derrick was ever under process of construction or was actually erected. Nor do we think that the appellant should have a reversal of the judgment because of the alleged variance between the allegations of the information that the defendant represented that an oil well derrick was being constructed, that is, was partly constructed, and the proof that he represented that one was wholly constructed. It is perfectly evident from the whole record that the defendant procured from the complaining witness the purchase price of the land by false pretenses; that he was sufficiently advised of the nature of those pretenses by the allegations of the information; no objection was taken at the trial by reason of such alleged variance between the pleading and the proof, and that there has been no miscarriage of justice.

A transfer was made in this case upon the respondent's petition because the district court of appeal, after reversing the case, declined to grant a rehearing upon evidence pointed out in the respondent's petition for a rehearing in that court for the reason that such evidence had not been set out in the original briefs filed on behalf of the people (*People* v. *Woods,* 39 Cal. App. Dec. 232, upon the authority of *Peterkin* v. *Randolph Marketing Co.,* 48 Cal. App. 300 [191 Pac. 947], decided by division one of the second district court of appeal). [2] The statute requiring the printing in the briefs of the record and evidence relied upon on appeal (sec. 953c, Code Civ. Proc.), particularly since the amendment of 1919 (Stats. 1919, p. 261), must be regarded as one for the convenience of the appellate tribunals, and for that reason directory only, and should be disregarded by the court wherever substantial justice requires it to be done.

[3] The constitution (art. VI, sec. 4½) directs and clearly contemplates an examination of the entire record, including the evidence, for the purpose of ascertaining whether or not there has been a miscarriage of justice be-

fore a case shall be reversed because of errors in the instructions or in the admission or rejection of evidence or because of errors of pleading or in any matter of procedure.

[4] The record on appeal is that provided by section 953a, and comprehends all the pleading, evidence, and matters included in the typewritten transcript prepared as required by law (sec. 953a, Code Civ. Proc.). It is true that the constitution does not expressly require the examination of the entire record where the question presented is the insufficiency of the evidence to sustain the verdict or decision, but it is more necessary to do so in such a case than in one merely involving a question of procedure, for the fundamental question involved in such a contention is that there has been a miscarriage of justice because of a conviction or decision wholly unsupported by the evidence in the record, instead of one merely induced by an error of procedure (see, also, sec. 475, Code Civ. Proc.).

[5] When the question presented to the reviewing court is the insufficiency of the evidence to sustain a verdict, the court may properly assume that the parties have complied with the statute requiring them to print in their briefs the portions of the record upon which they rely, and therefore may confine its investigation to such evidence, but the statute requiring such evidence to be printed in the briefs (sec. 953a, Code Civ. Proc., as amended in 1919) now provides that: " . . . No appeal shall be dismissed *nor shall any appeal be decided adversely to any party for failure to print in his brief the portion of the record or any part thereof in support of his points,* but in such case the court hearing the appeal shall direct such party to print and serve on the adverse party and file with it a supplement to his brief in which shall be set forth in full that portion of the record relied on by such party and not printed in any former brief. The court shall fix the time within which such supplement shall be served and filed and shall permit or require such additional portions of the record to be printed, served and filed as may be desirable for the full presentation of the points at issue."

This procedure is wholly useless, for if the members of the court discover evidence in the record while considering the matter which would assist in a proper determination of the case, the decision can be arrived at as well without as

with the printing of it in the briefs. And this method of relying on the record as shown by the typewritten transcript without requiring it to be printed in the briefs has been the usual practice in this court for some years. In *O'Connor* v. *West Sacramento Co.*, 189 Cal. 7 [207 Pac. 527], the decision construing a lease was based in part upon portions of the lease not called to the attention of the district court of appeal or this court in briefs or petitions for transfer of rehearing. In *Oliver* v. *Robnett*, 190 Cal. 51 [210 Pac. 408], neither the pleadings, findings, nor decree were printed in the briefs, yet the court nevertheless considered the sufficiency of the evidence to support the findings attacked by the appellant and reversed the judgment. In *Gibbons* v. *Yosemite Lumber Co.*, 190 Cal. 168 [211 Pac. 4], the evidence that the plaintiff kept all stock other than his own off the land was neither printed in the briefs nor called to the attention of the court by the parties, yet our decision as to notice due to occupancy was based thereon.

In short, it has been the uniform practice of this court, at least since 1919, to examine the typewritten record in all cases where the sufficiency of the evidence to support the findings is attacked. Section 953c, requiring the evidence relied upon on appeal to be printed or set out in the briefs, at least since the amendment of 1919 (Stats. 1919, p. 261), must be considered as directory for the convenience of the court, and where evidence is pointed out to the court, even in a petition for rehearing, as a basis for its action, such action ought not to be refused merely on the ground that the parties had neglected to fully set out the evidence in their briefs. For instance, in this case the attorney-general claimed in his brief that there was evidence to support the conclusion of the jury, and set out in his brief the evidence which he deemed sufficient to support a verdict. After the court had declared this evidence insufficient he then called the attention of the district court of appeal to additional evidence included in the typewritten record and asked for a rehearing, which was denied. There was no indication that the omission of this evidence from the respondent's brief was due to anything other than overconfidence, perhaps, in the sufficiency of the evidence set out in his brief to support the verdict. It was only after the district court of appeal declared the evidence insufficient to establish the

fact that no oil derrick was being constructed at the time the representation was made by the defendant that the significance of the testimony of the prosecuting witness that there was not even a board in sight when she saw the premises, and the evidence of the other witnesses that there was not the slightest indication of any attempts to develop oil was fully appreciated. This evidence was set out in the petition for rehearing and in the order denying a rehearing by the district court of appeal and was assumed to be sufficient to require an affirmance of the conviction, instead of a reversal as theretofore ordered. In this we think the district court of appeal was in error. **[6]** When it appears from evidence presented in the petition for reconsideration of the case by the district court of appeal that there was in fact evidence adduced at the trial and incorporated in the record before the court on appeal which would show that the conclusion arrived at by the court, by confining its attention to the portions of the record printed in the brief, was erroneous, a rehearing should be had in that court and in default of such rehearing by the district court of appeal this court upon an application for transfer disclosing the existence of evidence amply sufficient to sustain the verdict must grant a transfer of the case and affirm the conviction or judgment, notwithstanding the failure of the parties to include in their briefs before the district court of appeal the portion of the record which in the judgment of that court and of this court would sustain the verdict, unless it appears that the conduct of the parties who failed to print such matter in their brief was the result of an effort to secure an unfair advantage.

Judgment affirmed.

Lawlor, J., Lennon, J., Seawell, J., Kerrigan, J., Myers, J., and Waste, J., concurred.