ELERA HOSIER, ARTHUR DeMOTT AND EVA MAY HANNE-
MANN, PLAINTIFFS, v. GREAT NOTCH CORPORATION,
A BODY CORPORATE OF THE STATE OF NEW JERSEY,
DEFENDANT.

Decided December 11th, 1944.

For the rule, *Cox & Walburg* (by *William H. D. Cox*).

Opposed, *Peter Hofstra* (by *Joseph V. Fumagalli* and *C.
Stanley Smith*).

(1)

LEYDEN, C. C. J.   Prior to 1903 John H. DeMott and Mary Brewster were owners of adjoining tracts of land in Pequannock Township, Morris County.   Each tract, more or less rectangular in shape, fronted on the Newark-Pompton Turnpike where the respective dwelling houses were located and ran back 3,300 feet to the bank of the Pequannock River.   The outer lines of the tracts were approximately straight and the dividing line was parallel with the side lines for a distance of 2,600 feet, then turned to the northeast for a distance of 198 feet, then east 278 feet, then south 114 feet, then east in what would be an extension of the first 2,600 feet, 600 feet to the river bank.   This irregularity outlined an indentation in the tract of DeMott measuring a little more than an acre of ground.   The indentation, described as a jog at the trial, was on slightly higher ground and formerly had been the site of a dwelling house or barn as evidenced by the remains of the foundation.   Access to the jog and to the meadow bordering the river was by a common lane, used as a roadway, and running along the dividing line from the turnpike, the 2,600 feet to the location of the jog, where it swung to the northeast and ended.

With this picture in mind, we come to the root of the difficulty giving rise to the litigation.   On January 29th, 1903, Mary Brewster conveyed the area described as the jog to DeMott.   The deed was acknowledged on January 31st, 1903, but was not recorded until December 10th, 1906.   In the meantime, on August 4th, 1904, Mary Brewster sold all her land, including the jog, to Frank Ward, who recorded his deed January 6th, 1905, almost two years prior to the recording of the Brewster deed to DeMott.   Title to the original DeMott tract passed by various conveyances to the present owner, Sowerbutt Brothers, dealers in sand and gravel, and the title to the original Brewster tract passed by successive conveyances to its present owner, the defendant, Great Notch Corporation, also a dealer in sand and gravel. A dispute arose between these competing companies as to the ownership of the jog, and thereafter this action in trespass was brought by the heirs of DeMott for damage to the land resulting from the removal of sand and gravel by the defendant.

The unrecorded deed to DeMott was void as against Ward, a subsequent purchaser for value and the claim of the plaintiffs fails unless Ward at the time of delivery of his deed, had notice of the prior deed to DeMott, *R. S.* 46:22–1; *N. J. S. A.* 46:22–1. The plaintiffs, recognizing the indispensability of proof of notice, prior to August 4th, 1904, of the outstanding but unrecorded deed from Brewster to DeMott of January 31st, 1903, produced evidence which tended to demonstrate that DeMott exercised dominion and control over the area of the jog by the planting of corn in the spring of 1903 and 1904. The testimony of DeMott's son, now sixty-two years of age, was to the effect that he was then twenty-one years of age and that the corn planted in the spring of 1903 and 1904 was harvested. The corn was planted on the jog but the ruins of the dwelling house or barn were not disturbed. The testimony of the planting of the corn in the years 1903 and 1904 was supported by other witnesses for the plaintiff who were members of the DeMott family. On the other hand, the witnesses for the defendant, to wit, the Ward family and the successors in title thereto, had no recollection of the planting of the corn on the jog but testified to the effect that the jog, if used for anything, was a storage place for unused farm equipment and crates of the Brewster family.

Actual notice of the outstanding prior deed was not given to Ward before he accepted his deed from Brewster and the question is whether the planting of the corn, without more, in the years 1903 and 1904, assuming that fact to be true, was notice of the degree required to Ward of the outstanding deed to DeMott thus bringing the situation within the exception in the statute making an unrecorded deed void as against subsequent purchasers.

In fine, the inquiry may be limited quite properly to the effect of the planting of the corn during the season of 1904, as there is no proof that Ward had visited the land in 1903. The question seems to be unusual in that the contest is over a fractional piece of a large tract of land.

The evidence of notice to Ward, given by the plaintiffs and taken at its full value, is insufficient to sustain the verdict

rendered by the jury in favor of the plaintiffs. Possession or occupation of land, to be effectual as notice, must be exclusive and uninterrupted, open, notorious and visible, *i. e.*, it must indicate the occupant; it must indicate that someone other than he who appears by the record to be the owner has rights in the premises, *Cox* v. *Devinney,* 65 *N. J. L.* 389; 47 *Atl. Rep.* 569. The fact that lands are under cultivation does not of itself suggest that anyone other than the reputed owner is in possession of them, *Cox* v. *Devinney, supra.* Merely cutting wood or pasturing cattle on unenclosed woodland, repairing the fences, and even removing an old house standing on part of the land, which may be regarded as mere acts of trespass as well as ownership, have been held to be insufficient as notice of the prior deed, *Holmes* v. *Stout,* 10 *N. J. Eq.* 419 (at *p.* 428). The rule is the same at law as in equity and the ground upon which the title acquired by a prior registry of a deed is lost in the case of notice to the second grantee of the existence of the prior conveyance, is that it is a fraud in the second grantee to take a deed knowing or having reason to suspect the existence of a prior title, *Holmes* v. *Stout, supra.*

The planting of the corn in the circumstances was not sufficient notice to Ward or to give him reason to suspect the existence of the prior title. This conclusion seems also to be supported by the fact that about a year after Ward took possession of his tract, DeMott requested his permission to straighten the common lane or roadway and extend it into the meadow.

The rule to show cause originally granted herein was limited to a new trial on the ground of the excessiveness of the damages. Application was made subsequently to enlarge the rule to embrace all the issues. The application to enlarge is granted and the rule as enlarged will be made absolute and a new trial granted on all the issues.