726

105 F.Supp. 966

## WHITEHEAD v. FOXHILL.
### No. 6389–A.

District Court, Alaska. First Division. Juneau.
July 10, 1952.

Faulkner, Banfield & Boochever, Juneau, Alaska, for plaintiff.

Wm. L. Paul, Jr., Juneau, Alaska, for defendant.

FOLTA, District Judge.

Plaintiff seeks to eject the defendant from a tract of land claimed by plaintiff, located in U. S. Survey No. 2121; and prays that he be adjudged to be the owner and placed in possession thereof; and that, if the defendant be adjudged to be the owner of any portion of the land in dispute, such portion be defined. Defendant claims title by conveyance and adverse possession.

In 1938 Charles Switzer, the patentee, wrote and signed a document which purported to be a deed conveying to one Taylor the land in U. S. Survey No. 2121, which

Taylor then occupied, in consideration for work done. This document, since lost, was unwitnessed and unrecorded so that it was ineffective as a conveyance under Sections 22–3–1 and 22–3–9, A.C.L.A.1949, although it was valid as a contract to convey.

Taylor then executed a deed to the defendant in 1944, and defendant went into and remained in possession to date. This deed was not immediately recorded.

In 1946 Switzer contracted to convey his homestead to plaintiff, which contract was immediately recorded. Defendant then recorded his deed from Taylor, and, finally, in 1949 a deed from Switzer to plaintiff was recorded.

Taylor occupied the land in question from 1938 until 1944, and defendant was in possession from 1944 until 1950 when this suit was filed, but, since the possession of Taylor was not hostile, the claim of title by adverse possession cannot be sustained.

■ The memorandum from Switzer to Taylor was effective as a contract to convey lands, not particularly described therein but referred to as the land then occupied by Taylor. It gave Taylor a right to require Switzer to convey whatever area in U. S. Survey No. 2121 was occupied by Taylor in 1938. Taylor's deed to defendant transferred this right to demand a conveyance. Marion Mtg. Co. v. Grennan, 106 Fla. 913, 143 So. 761, 87 A.L.R. 1492. During this time, legal title remained in Switzer, subject to this equitable right.

■■ When Switzer executed a contract of conveyance to the plaintiff, defendant was in possession, having the rights of a vendee in possession under an unrecorded contract. Plaintiff failed to inquire of defendant as to the nature of defendant's occupancy, which is a failure to exercise the caution of a reasonably prudent person. This neglect prevents plaintiff from acquiring the rights of a bona fide purchaser, and reliance on the record title of Switzer was unwarranted under these circumstances. Kir-

by v. Tallmadge, 160 U.S. 379, 16 S.Ct. 349, 40 L.Ed. 463; Randall v. Allen, 180 Cal. 298, 180 P. 941; Moss v. Atkinson, 44 Cal. 3; Pomroy's Equity Jurisprudence, 5th Ed., Sections 597, 601, 607, 608, 609, 614, 615, 619 and 620; 44 A.L.R. 100; 50 A.L.R. 775.

 The occupation of defendant was constructive notice to plaintiff of defendant's rights. As a consequence, even though plaintiff has secured legal title by virtue of the recordation of his contract and deed from Switzer, the legal title is subject to the equitable right of defendant to demand a conveyance because plaintiff, not being a bona fide purchaser, cannot cut off defendant's rights. Randall v. Allen, supra; Bloech v. Hyland Homes Co., 128 Or. 292, 274 P. 318; Pomroy's Equity Jurisprudence, 5th Ed., Sections 688, 730; 26 A.L.R. 1552; 87 A.L.R. 1515.

The Court, therefore, finds that the defendant is entitled to the parcel of land claimed in accordance with his interpretation of the description set forth in the answer. No costs are allowed.