**FOXHILL v. COLUMBIA LUMBER CO.**

No. 6729–A.

District Court, Alaska,
First Division, Juneau.

May 1, 1953.

William L. Paul, Jr., Juneau, Alaska, for plaintiff.

Robert Boochever, of Faulkner, Banfield & Boochever, Juneau, Alaska, for defendant.

FOLTA, District Judge.

Plaintiff has moved for a summary judgment on the issue of liability only, while the defendant has filed a cross-motion for summary judgment.

The material facts are not in dispute. In the course of a proceeding brought by the defendant to foreclose its lien against the building involved in this controversy, the building was sold to the defendant, who then obtained permission from the record

owner of the land to allow the building to remain. In doing so, the defendant relied on the record title and the absence of any visible sign of use or ·occupancy by any other person. However, upon being notified by the plaintiff that he claimed an interest in the land, the defendant removed the building. Subsequently, the plaintiff was adjudged to be the owner of the land, Whitehead v. Foxhill, D.C., 105 F.Supp. 966, and by this action now seeks to recover from the defendant the rental value of the land for the period that it was occupied by its building.

The question presented is whether the true owner of property· may recover rent from the tenant of the disseisor.

Since a lessee is generally estopped to deny his landlord's title prior to eviction by paramount title, it follows that a lessee is compelled to pay rent to his landlord notwithstanding an outstanding superior title. It would manifestly be unjust, therefore, to require the lessee to again pay the true owner. While there is a division of authority on this question, Trubee v. Miller, 48 Conn. 347, 40 Am.Rep. 177; 85 Am.Dec. 325; 18 Notes to Am.Rep. 576, I am constrained to hold, under the facts of this case, that the defendant, an innocent lessee of the holder of the record title, should not be held liable to the true owner for the rental value of the land during the period of its tenancy before eviction by the true owner, Pacific Livestock Co. v. Isaacs, 52 Or. 54, 96 P. 460, and conclude, therefore, that an action against the lessee does not lie.

The plaintiff contends, however, that the defendant was not an innocent lessee because the defendant is chargeable with knowledge of the plaintiff's claim to the land at the time of the judicial sale. It appears that the same firm of attorneys that represented the defendant in the lien foreclosure proceeding was at the time also retained in the dispute between the plaintiff and the holder of the record title to the land on which the building was situate, and this, plaintiff asserts, is a sufficient basis for imputing knowledge to the defendant. But it further appears that in these actions

—one of which concerned title to the land and the other the foreclosure of a lien on a building which was not a part of the realty—neither attorney had anything to do with the other's case. But even if the defendant's attorney knew of the title dispute there was no occasion for his disclosure of that information to the defendant because it was not material to the defendant's foreclosure action against the building. In these circumstances the knowledge of the attorney should not be imputed to his client.

Summary judgment for the defendant may, therefore, be submitted.